IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABLAISE, LTD., | ) | |
| Plaintiff, | ) | Civil Action No.:  1:07-CV-01836 |
| | ) | |
| v. | ) | Judge James Robertson |
| | ) | |
| NAVTEQ CORP., FEDEX CORP., GENERAL | ) | [Filed Electronically] |
| MOTORS CORP., ALASKA AIR GROUP, | ) | |
| INC., AND CIRCUIT CITY STORES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FEDEX CORPORATION'S MOTION TO
DISMISS FEDEX CORPORATION OR, IN THE ALTERNATIVE,
MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. § 1406**

FedEx Corporation hereby moves that it be dismissed from this action or, in the

alternative, this action with respect to FedEx Corporation be transferred to the Western District

of Tennessee, in accordance with the accompanying Brief.


Dated:  October 24, 2007                    Respectfully submitted,


                                                          /s/Kenneth W. Curtis
                                             Kenneth W. Curtis (DC Bar #345256)
                                             Linda J. Thayer (DC Bar #464,498)
                                             FINNEGAN, HENDERSON, FARABOW,
                                               GARRETT & DUNNER, L.L.P.
                                             901 New York Avenue
                                             Washington, DC  20001-4413
                                             Tel:  (202) 408-4000
                                             Fax:  (202) 408-4400

                                             Attorneys for Plaintiff
                                             FEDEX CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABLAISE, LTD., | ) | |
|      Plaintiff, | ) | Civil Action No.:  1:07-CV-01836 |
| | ) | |
| v. | ) | Judge James Robertson |
| | ) | |
| NAVTEQ CORP., FEDEX CORP., GENERAL | ) | [Filed Electronically] |
| MOTORS CORP., ALASKA AIR GROUP, | ) | |
| INC., AND CIRCUIT CITY STORES, INC. | ) | |
| | ) | |
|      Defendants. | ) | |

**BRIEF IN SUPPORT OF FEDEX CORPORATION'S MOTION TO
DISMISS FEDEX CORPORATION OR, IN THE ALTERNATIVE,
MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. § 1406**

FedEx Corporation ("FedEx") moves that the claims asserted against it be dismissed because the Court lacks personal jurisdiction over FedEx Corporation under Federal Rule of Civil Procedure 12(b)(2) and D.C. Code §§ 13-334, 13-422, and 13-423; and the District of Columbia is an improper venue under Federal Rule of Civil Procedure 12(b)(3).

This is a patent infringement action, in which Plaintiff Ablaise, Ltd. alleges that FedEx Corporation, along with four unrelated co-defendants, infringes U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals." Ablaise Ltd. is a British corporation having its principal place of business in London, United Kingdom. FedEx Corporation, as the Complaint itself acknowledges, is a Delaware corporation with its principal place of business in Memphis, Tennessee.

According to Count II, Ablaise's sole basis for this lawsuit against FedEx is that it claims FedEx Corporation makes, uses, and operates the FedEx.com website in this district. However, Ablaise has sued the wrong party. FedEx Corporation is not responsible for the accused website, and therefore all claims against it should be dismissed.

Additionally, FedEx Corporation cannot be properly sued in this district as it does not have the requisite minimum contacts with this district either under federal law or in accordance with the long arm statute of the District of Columbia.  FedEx Corporation asks that it be dismissed from this lawsuit on these bases.  If FedEx Corporation is not dismissed from this lawsuit, it requests that it be severed from the current action and the action against it transferred to the Western District of Tennessee pursuant to 28 U.S.C. §§ 1404 or 1406 to maximize the efficiencies that result from having virtually all relevant witnesses and documents located in the Western District of Tennessee.

## I.    FACTUAL BACKGROUND

On October 11, 2007, Ablaise filed its Complaint for Patent Infringement  ("Complaint") against five unrelated companies(Navteq Corporation, FedEx Corporation, General Motors Corporation, Alaska Air Group, Inc., and Circuit City Stores, Inc.).

Ablaise Ltd. is a British corporation having a principal place of business at 40 Queen Anne Street, London W1G 9EL, United Kingdom.  As the Complaint itself acknowledges, FedEx Corporation is a Delaware corporation with its principal place of business in Memphis, Tennessee.  Compl. at ¶ 3.  (*See also* Declaration of Christine P. Richards ("Richards Decl."), at ¶ 1.)

The Complaint alleges that FedEx Corporation has infringed, contributed to the infringement, or actively induced infringement of one or more claims of the '737 patent by making, using, and operating its FedEx.com and related websites.  Compl. at ¶¶ 28-29.

After reviewing the Complaint, FedEx Corporation determined that the FedEx.com website (www.fedex.com) is owned and operated by FedEx Corporate Services and not FedEx Corporation.  (Richards Decl., at ¶¶ 4-5.)  FedEx Corporation is a publicly traded parent company of over 100 companies throughout the world.  (Richards Decl., at ¶ 2.)  FedEx

Corporation employs top corporate executives, most if not all of which are resident in Tennessee. *Id*. FedEx Corporation's employees primarily engage in finance, communications, and legal issues, not website design and operation. *Id*. The implementation details of the accused FedEx.com website are the responsibility of FedEx Corporate Services, not FedEx Corporation. *Id.* at ¶ 5. With the exception of a small Government Affairs Office, that FedEx Corporation maintains in the District of Columbia to track legislative and government activities, FedEx Corporation has no contacts with the District. (Richards Decl., at ¶ 3.) FedEx Corporation further does not manage the day-to-day operations of its subsidiaries. *Id.* at ¶ 6. Subsidiaries of FedEx Corporation have their own articles of incorporation, by-laws, and corporate structure. *Id.* at ¶ 7.

As mentioned above, the accused FedEx.com website is owned and operated by FedEx Corporate Services, Inc., one of the many FedEx subsidiaries. *Id.* at ¶ 4. FedEx Corporate Services, Inc. is located in Memphis, TN. *Id.* at ¶ 8. On October 23, 2007, FedEx Corporate Services and Federal Express Corporation, wholly different corporate entities than FedEx Corporation, filed a declaratory judgment action in the Western District of Tennessee to determine the validity of the patent at issue. *Id.* at ¶ 9.

## II.    ARGUMENT

### A.    Plaintiff Cannot Meet its Burden under FRCP 12(b)(2) to Establish that Personal Jurisdiction Over FedEx Corporation Exists in the District of Columbia

Under Federal Rule of Civil Procedure 12(b)(2), Ablaise "has the initial burden of demonstrating facts justifying the exercise of jurisdiction." *Crane v. N.Y. Zoological Soc'y*, 282 894 F.2d 454, 456 (D.C. Cir. 1990). As such, Ablaise must allege specific acts connecting FedEx Corporation, the named defendant, with the forum. *See Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Ablaise cannot meet this

3

burden because FedEx Corporation does not have sufficient contacts with the District of Columbia and this motion therefore must be granted.

In the District of Columbia, there are three statutory bases for the exercise of personal jurisdiction over a corporation, D.C. Code §§ 13-334, 13-422, and 13-423. For general jurisdiction under D.C. Code § 13-334, the plaintiff must show that the defendant carries on a consistent pattern of regular business activity within the jurisdiction. For general jurisdiction under D.C. Code § 13-422, the plaintiff must demonstrate that the defendant is domiciled in, organized under the laws of, or maintains its principal place of business in, the District of Columbia. A plaintiff may establish specific jurisdiction under D.C. Code § 13-423, the District of Columbia's long-arm statute, which provides, *inter alia*, that personal jurisdiction exists over any person for claims arising from the person's transacting any business in the District of Columbia, contracting to supply services in the District of Columbia, or having an interest in, using, or possessing real property in the District of Columbia.

### 1. The Court Lacks General Jurisdiction Over FedEx Corporation Pursuant to D.C. Code §13-422

FedEx Corporation is not subject to personal jurisdiction in this district pursuant to D.C. Code § 13-422 because FedEx Corporation is not organized under the laws of the District of Columbia nor does it maintain a principal place of business in Washington D.C. Ablaise's Complaint itself concedes that FedEx Corporation is a Delaware Corporation with principal place of business in Tennessee. Indeed, it appears Ablaise has abandoned any claim that this Court should exercise general personal jurisdiction over FedEx Corporation, as Ablaise's Complaint alleges only that jurisdiction is proper because "FedEx actively and regularly conducts business in the District of Columbia," the purview of D.C. Code § 13-334(a) and not D.C. Code § 13-422. Compl., ¶10.

4

2.    **The Court Also Lacks General Jurisdiction Over FedEx Corporation Pursuant to D.C. Code §13-334(a)**

Under the laws of the District of Columbia, courts may "exercise 'general jurisdiction' over a foreign corporation as to claims not arising from the corporation's conduct in the District, if the corporation is 'doing business' in the District." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002) (citing D.C. Code § 13-334(a)). The Due Process Clause permits such general jurisdiction over foreign corporations "only . . . if the defendant's business contacts with the forum district are 'continuous and systematic.'"    *Id.* at 509 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984)). "The District of Columbia Court of Appeals has indicated that the reach of 'doing business' jurisdiction under § 13-334(a) is coextensive with the reach of constitutional due process." *Id*. at 510 (citing *Hughes v. A.H. Robins Co.*, 490 F.2d 1140, 1148 (D.C. 1985)).  As such, a corporation must be "doing business" in the District of Columbia related to the commercial aspects that are accused of infringement, in order for jurisdiction under D.C. Code §13-334(a) to be found.

As established in the accompanying declaration of Christine P. Richards**,** FedEx has no appreciable contacts with the District of Columbia, other than the small Government Affairs Office it maintains to track legislative and government activities.  (Richards Decl., ¶¶1-8.) FedEx Corporation does not maintain corporate offices in the district to do commercial business in the district, or any official activities related to the accused website.  *Id.* at ¶3.  Moreover, Ablaise's Complaint does not make any specific factual allegations that FedEx Corporation was "doing business" related to the website in the District at the time this action was commenced. Merely having an office in the District of Columbia for the purposes of maintaining a relationship with or monitoring the activities of the government, however, is outside the scope of "doing business" as that phrase is used in D.C. Code § 13-334.  *See Fandel v. Arabian Am. Oil*

5

*Co.*, 345 F.2d 87, 88 (D.C. Cir. 1965).  The D.C. Circuit has long recognized that Washington "presents many business organizations with special needs for a continuous and ponderable physical presence there, which needs are not those customarily associated with strictly commercial operations; and that the purpose of Congress was not to make the presence in every case a base for the assertion of personal jurisdiction."  *Id.* at 89.  Therefore, the mere presence of FedEx Corporation in the District of Columbia for the purposes of monitoring legislation and government affairs does not alone form a basis for this Court to exercise general jurisdiction over FedEx Corporation.

### 3.    The Court Lacks Specific Jurisdiction Over FedEx Corporation Pursuant to D.C. Code §13-423

When examining its jurisdiction over a non-resident, "a court must engage in a two-part inquiry:  A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process."  *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  The District of Columbia's long-arm statute provides that courts may exercise personal jurisdiction over a person who transacts any business or causes injury in the District of Columbia.  D.C. Code. § 13-423.  Personal jurisdiction under the "transacting business" prong of the long-arm statute "'is limited to claims arising from the particular transaction of business' in the District [of Columbia]."  *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1168 (D.C. Cir. 2002) (quoting *AMAF Int'l Corp. v. Ralston Purina Co.*, 428 A.2d 849, 850 (D.C. 1981)).  Section 13-423 (b) bars claims unrelated to the acts forming the basis for personal jurisdiction.

In its Complaint, Ablaise does not list any specific claims for relief that arise out of business transacted by FedEx Corporation in the District of Columbia or from tortious injury

caused by FedEx Corporation in the District of Columbia.  In paragraph 10 of the Complaint, Ablaise contends that jurisdiction is proper because FedEx Corporation "actively and regularly conducts business in the District of Columbia," although it cites no specific instances of such business.  More likely, Ablaise is mistaking FedEx Corporation for one or more of the many independent subsidiaries operating under the "FedEx" trademark.  FedEx Corporation itself does not actively and regularly conduct business in the District of Columbia related to the accused website.  (Richards Decl., ¶ 2.)

Furthermore, this Court has previously found that lobbying the federal government falls within the "government contacts" exception to the exercise of personal jurisdiction under the District's long-arm statute.  *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786-87 (D.C. Cir. 1983) (personal jurisdiction cannot be founded upon "exercises in petitioning the government" or "attempts to influence government action").  It follows that any activities by the Government Affairs Division alone are unlikely to form a sufficient basis for specific jurisdiction under D.C. Code §13-423.

### 4. The Alleged Claims are Not Related to or Do Not Arise Out of FedEx Corporation's Contacts with the District of Columbia

As stated above, FedEx Corporation does not own or operate the accused FedEx.com website.  To the best of its knowledge, the accused FedEx.com website is owned and operated by FedEx Corporate Services, Inc., one of the many FedEx Operating Companies.  FedEx Corporate Services, Inc. is located in Tennessee.  The implementation details of the accused FedEx.com website are the responsibility of FedEx Corporate Services, not FedEx Corporation.  (Richards Decl., ¶ 5.)  Even if FedEx Corporation were to interact with FedEx Corporate Services, Inc. regarding the use and operation of the FedEx.com website, such communications would not have taken place in the District of Columbia because both companies are located in Tennessee.

### B.    Contacts By Any of the FedEx Subsidiaries With DC Cannot be Attributed to FedEx Corporation for the Purposes of Finding Jurisdiction

Ordinarily, contacts by an affiliated party may not be sufficient to find jurisdiction over a parent company, unless the "affiliated part[y] is an 'alter ego' of a corporation over which the Court has personal jurisdiction; in that case the corporation's contacts may be attributed to the affiliated party for jurisdictional purposes." *Shapiro, Lifschitz* & *Schram P.C.* v. *Hazard,* 24 F. Supp. 2d 66, 69 (D.D.C. 1998); *see also Material Supply Int'l., Inc. v. Sunmatch Indus. Co.,* 62 F. Supp. 2d 13, 19 (D.D.C. 1999).  To establish that a subsidiary is an alter ego of its parent, also referred to as "piercing the corporate veil," courts look to whether there is a unity of ownership and interest.  *Hazard,* 24 F. Supp. at 69 n.3.  The District of Columbia Court of Appeals has stated that piercing the corporate veil requires showing that "'the corporation is not only controlled by those persons [alleged to be alter egos of the corporation], but also that the separateness of the persons and the corporation has ceased and… an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice.'" *Camacho v. 1440 Rhode Island Avenue Corp.,* 620 A.2d 242, 248-49 (D.C. 1993) (quoting *Vuitch v. Furr,* 482 A.2d 811, 815 (D.C. 1984)).  Furthermore, "since piercing the corporate veil is a doctrine of equity, 'the factor which predominates will vary in each case, and the decision to pierce will be influenced by considerations of who should bear the risk of loss and what degree of legitimacy exists for those claiming the limited liability protection of the corporation.'" *Id.* (citing *Vuitch,* 482 A.2d at 815-16).

FedEx Corporation is a separate and legally distinct corporate entity from its subsidiaries, that does not dominate its subsidiaries such that it warrants piercing the corporate veil.  FedEx Corporation does not monitor the day-to-day activities of its subsidiaries, nor does it provide other than basic directional control over their activities.  (Richards Decl., ¶ 3.)  *U.S. v. Bestfoods,*

8

524 U.S. 51, 62 (1998) (noting liability cannot be imposed on a parent corporation if it exercises only basic directional control over a subsidiary, and finding no liability for patent infringement where parent does not manage "day-to-day activities" of its subsidiaries); *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 361 F. Supp. 2d 210, 217 (S.D.N.Y. 2005) (finding parent corporation not liable for subsidiary's patent infringement where the parent "observe[s] corporate formalities, including having its own articles of incorporation and by-laws and holding its own meetings. . . .[and] maintains its own finances, [with] nothing to suggest that [the parent] dominates the day-to-day existence and operations of [its subsidiary].").

As a general rule, the corporate entity should be upheld unless specific, unusual circumstances, call for an exception. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990). The extraordinary remedy of piercing the corporate veil is only used "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime." *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967).

Ablaise has not alleged any facts in its Complaint to warrant the extraordinary remedy of piercing the corporate veil. Further, Ablaise has presented no evidence of any specific, unusual circumstances to call for an exception to the rule that a corporate entity should be recognized and upheld.

### C.    If Not Dismissed, This Case Should Be Transferred To The Western District of Tennessee

There are two statutory provisions allowing district courts to transfer venue: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) A court may transfer a case to another district under either provision even though it lacks personal jurisdiction over the defendants. *See in re Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 37 (D.D.C. 2003). To transfer the action, the court must

ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum. *See DeLoach v. Phillip Morris Cos.*, 132 F. Supp. 2d 22, 24-25 (D.D.C. 2000). The United States Court of Appeals for the District of Columbia Circuit favors transfer under 28 U.S.C. § 1406(a) when procedural obstacles such as lack of personal jurisdiction bars or impedes an expeditious and orderly adjudication on the merits.

The facts of this case demonstrate that the neither the parties nor the action itself has any substantial relationship to the District of Columbia. Neither party is organized under the laws of the District of Columbia or maintains a principal place of business here. None of the events (beyond issuance of the patent) giving rise to the alleged infringement occurred in the District of Columbia. Any witnesses that might be called are far more likely to reside in the United Kingdom or Tennessee than in the District of Columbia.

> **1.    Venue is Proper and Ablaise is Subject to Personal Jurisdiction in the Transferee Forum**

Venue is proper in the Western District of Tennessee where defendant FedEx Corporation resides and has a regular and established place of business. 28 U.S.C. § 1400(b). FedEx Corporation is also subject to personal jurisdiction in the Western District of Tennessee.

> **2.    Transfer to the Western District of Tennessee Will Best Serve the Convenience of the Parties and Witnesses**

Tennessee is the "center of gravity" with respect to the Plaintiffs' infringement allegations. Indeed, Tennessee is the location of FedEx Corporation, as well as many of the FedEx subsidiaries, including FedEx Corporate Services. As a result, the majority of the witnesses with knowledge about making, using, and operating the FedEx.com and related websites are likely to be in Tennessee, and the bulk of the documentary evidence concerning

those events is likely to be in Tennessee.  By contrast, no evidence or fact witnesses relevant to this case are likely to be present in the District of Columbia.

For FedEx Corporation, the need to bring its witnesses and documents or other evidence to this forum, would be particularly burdensome.  Witnesses from FedEx Corporation, in particular, would most likely be senior executives, whose lengthy absence from work would be extremely difficult.  By contrast, Ablaise has no compelling reason why litigating this case in Tennessee would be any more inconvenient than doing so in the District of Columbia.  Ablaise, as a patent holding company whose inventors live in the United Kingdom, is unlikely to have any documents in the District of Columbia.  Moreover, any of Ablaise's witnesses can fly from the United Kingdom to Tennessee just as easily as to the District of Columbia.

While courts sometimes defer to a plaintiff's choice of forum, courts are less likely to do so "where, as here, that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter."  *Islamic Republic of Iran v. Boeing Co.*,, 477 F. Supp. 142, 144 (D.D.C. 1979); *see also Schmidt v. American Inst. of Physics*, 322 F. Supp. 2d 28, 33-34 (D.D.C. 2004).  Neither party to this case has a principal place of business in the District of Columbia and none of the events giving rise to plaintiff's claim occurred here.  The mere fact that Ablaise has sued four other parties -- the propriety of which still unknown until the other parties answer or move to dismiss -- in the District of Columbia is not a sufficient basis to keep FedEx Corporation in the district against its will when jurisdiction is wholly improper.

### 3.    Transfer to the Western District of Tennessee Will Best Serve the Interests of Justice

Two of the FedEx subsidiaries have filed suit in the Western District of Tennessee seeking declaratory judgments of noninfringement, invalidity and unenforceability of the '737 patent.  These are the FedEx companies most likely, if any, to make, use, and operate the accused

FedEx.com and related websites. Therefore, this related case involves the same legal and factual issues presented by the Plaintiff's Complaint, as least with respect to the FedEx companies. However, the action filed in Western District of Tennessee names the proper parties to this dispute. Therefore, judicial economy will be best served if this case is transferred to Tennessee.

## III.    CONCLUSION

For these reasons, FedEx Corporation respectfully requests that the Court grant its motion to dismiss be granted. In the alternative, the suit against FedEx Corporation should be severed and transferred to the Western District of Tennessee under 28 U.S.C. § 1406 because Tennessee is the only proper forum for resolution of the dispute between these specific parties.

Dated:  October 24, 2007                  Respectfully submitted,

                         /s/Kenneth W. Curtis
                        Kenneth W. Curtis (DC Bar #345256)
                        Linda J. Thayer (DC Bar #464,498)
                        FINNEGAN, HENDERSON, FARABOW,
                          GARRETT & DUNNER, L.L.P.
                        901 New York Avenue
                        Washington, DC  20001-4413
                        Tel:  (202) 408-4000
                        Fax:  (202) 408-4400

                        Attorneys for Plaintiff
                        FEDEX CORPORATION

# PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My place of employment and business address is 3300 Hillview Avenue, Palo Alto, California 94304.

On October 24, 2007, I served the following by the indicated means to the persons at the addresses listed:

- **NOTICE OF FEDEX CORPORATION'S MOTION TO DISMISS FEDEX CORPORATION OR, IN THE ALTERNATIVE, MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. § 1406**

- **BRIEF IN SUPPORT OF FEDEX CORPORATION'S MOTION TO DISMISS FEDEX CORPORATION OR, IN THE ALTERNATIVE, MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. § 1406**

- **DECLARATION OF CHRISTINE P. RICHARDS IN SUPPORT OF FEDEX CORPORATION'S MOTION TO DISMISS FEDEX CORPORATION OR, IN THE ALTERNATIVE, MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. § 1406**

- **[PROPOSED] ORDER**

**Jeffrey John Downey**
1225 I Street, NW
Suite 600
Washington, DC 20005
Tel.: (202) 789-1110
Fax: (202) 789-1116
Email: jjdowney@rkmc.com

Attorneys for Ablaise Ltd.

☐ Via Email
☒ Via First Class Mail
☐ Via Hand Delivery
☐ Via Overnight Courier
☐ Via Facsimile

Dated:   October 24, 2007

_____

Karen Reimer
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABLAISE, LTD., | ) | |
|           Plaintiff, | ) | Civil Action No.:  1:07-CV-01836 |
| | ) | |
| v. | ) | Judge James Robertson |
| | ) | |
| NAVTEQ CORP., FEDEX CORP., GENERAL | ) | [Filed Electronically] |
| MOTORS CORP., ALASKA AIR GROUP, | ) | |
| INC., AND CIRCUIT CITY STORES, INC. | ) | |
| | ) | |
|           Defendants. | ) | |

## DECLARATION OF CHRISTINE P. RICHARDS

I, Christine P. Richards, declare as follows:

I am Executive Vice-President, General Counsel, and Secretary of FedEx Corporation. The statements made herein are based upon my personal knowledge, and if called on as a witness, I would testify as to the following statements:

1.  FedEx Corporation is a Delaware corporation with its principal place of business in Memphis, Tennessee.

2.  FedEx Corporation is a publicly traded parent company of over 100 companies throughout the world. FedEx Corporation employs top executives in marketing and corporate communications, most if not all of which are resident in Tennessee.  FedEx Corporation's employees primarily engage in finance, communications, and legal issues, not website design and operation.

3.  FedEx Corporation maintains a small Government Affairs Office in the District of Columbia primarily for tracking legislative affairs and government activities.  FedEx Corporation does not maintain corporate offices in the district to do commercial business in the district, or any official activities related to the accused website.

4. FedEx Corporation does not own or operate the accused FedEx.com website. The accused FedEx.com website is owned and operated by FedEx Corporate Services, Inc., one of the many FedEx subsidiaries.

5. The implementation details of the accused FedEx.com website are the responsibility of FedEx Corporate Services, not FedEx Corporation.

6. FedEx Corporation does not manage the day-to-day operations of its subsidiaries, nor does it provide other than basic directional control over their activities.

7. Subsidiaries of FedEx Corporation have their own articles of incorporation, by-laws, and corporate structure.

8. FedEx Corporate Services, Inc. is located in Memphis, TN.

9. On October 23, 2007, FedEx Corporate Services and Federal Express Corporation, wholly different corporate entities than FedEx Corporation, filed a declaratory judgment action in the Western District of Tennessee to determine the validity of the patent at issue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of October, 2007, at 942 South Shady Grove Rd, Memphis, Tennessee 38120.

_____
Christine P. Richards

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABLAISE, LTD.,                                    )
            Plaintiff,                )          Civil Action No.:  1:07-CV-01836
                         )
v.                                                )          Judge James Robertson
                         )
NAVTEQ CORP., FEDEX CORP., GENERAL    )
MOTORS CORP., ALASKA AIR GROUP,       )
INC., AND CIRCUIT CITY STORES, INC.       )
                         )
            Defendants.             )

**[PROPOSED] ORDER**

It is ORDERED that, for good cause showing, FedEx Corporation be dismissed as a party from this action.

JAMES ROBERTSON
United States District Judge