# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABLAISE LTD. | ) | |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-01836 |
| | ) | |
| NAVTEQ CORP. | ) | Judge James Robertson |
| | ) | |
| FEDEX CORP. | ) | **ORAL HEARING REQUESTED** |
| | ) | |
| FEDEX CORPORATE SERVICES, INC. | ) | |
| | ) | |
| GENERAL MOTORS CORP. | ) | |
| | ) | |
| ALASKA AIR GROUP, INC. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC. | ) | |
| | ) | |
|           Defendants. | | |

**MEMORANDUM OF LAW IN OPPOSITION TO FEDEX CORPORATE SERVICES'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO SEVER AND
TRANSFER PURSUANT TO 28 U.S.C. § 1406.**

*"At fedex.com, our customers ship packages, determine international documentation
requirements, track package status, pay invoices and access
FedEx Kinko's office and printing services.*"
Exh. A, FedEx Corporation Form 10-K (July 2007)

## INTRODUCTION

FedEx Corporate Services, Inc. (FedEx Services) filed this motion to dismiss or transfer

on November 21, 2007. FedEx Services' motion is largely a cut-and-paste[1] of co-defendant

FedEx Corporation's motion to dismiss or in the alternative transfer currently pending before this

---

[1]    FedEx Services, for instance, refers to FedEx Corporation as the moving party, rather
than FedEx Services at various instances in its argument. See, e.g., FedEx Service's
Mem. of Law, at 5, 7.

Court. In turn, Ablaise Ltd. (Ablaise) herein incorporates in full its response to FedEx Corporation's motion to dismiss or transfer (Docket Number 8) and will not repeat its arguments here, but will respond only with additional facts and arguments that are specific to FedEx Services. For those and the following reasons, this Court should deny FedEx Services' motion in its entirety.

## FACTUAL BACKGROUND

FedEx Services is registered to do business and maintains a registered agent in the District of Columbia. On November 29, 2007, Ablaise served FedEx Services' registered with process in this matter within the District of Columbia. Arenz Decl. ¶ 2.

FedEx Services also holds itself out as owning, operating, and maintaining fedex.com. FedEx Corporation maintains that it is a "world leader in technology" and that fedex.com is the "focal point" to FedEx Corp.'s technological strategy. Arenz Decl., Exh. A, at 16. As the owner, operator, and maintainer of the website, FedEx Services "provides a single point of contact for [FedEx's] customers to access FedEx Express, FedEx Ground and FedEx Freight Shipment tracking, customer service and invocing information and FedEx Kinko's office and print services." Id. at 4.

FedEx Services, additionally, developed and operates fedex.com as a highly interactive website. FedEx Corporation, for instance, describes the multitude of customer-based and interactive features that fedex.com offers.

> The fedex.com Web site is widely recognized for its speed, ease of use and customer-focused features. At fedex.com, our customers ship packages, determine international documentation requirements, track packages status, pay invoices and access FedEx Kinko's office and printing services. Our FedEx Insight application provides customers with visibility and package status of their inbound and outbound express, ground and freight shipments. Our FedEx Global Trade Manager resources enables customers to more easily navigate the complexities of

> international commerce by helping them identify the documents they need in order to ship to and from specific countries. FedEx Global Trade Manager also offers a currency converter, profiles of regulatory information by country, a customs regulation guide and, through its "Estimate Duties and Taxes" features, customers can estimate applicable governmental charges, duties and fees. FedEx Billing Online provides customers real-time access to their accounts, invoices and paid shipment details.

Id. at 16.

## ARGUMENT

Like it's parent company, FedEx Services' continuous and systematic contacts with the District of Columbia render it subject to general jurisdiction for suit in front of this Court. This Court should not deny Ablaise its choice of forum and transfer this case because the efficiencies weigh strongly in favor of proceeding in this district.

## I.    This Court Has Personal Jurisdiction Over FedEx.

FedEx Services is subject to the jurisdiction of this Court pursuant to D.C. Code § 13-334(a). As was sufficient in In re FTC Corporate Patterns Report Litigation, FedEx Services is authorized to do business in the District of Columbia, has a registered agent in the District, and that agent was served with process in the District. 432 F. Supp. 274, 286 (D.D.C. 1977) (denying defendant's motion to dismiss for lack of personal jurisdiction where defendant was "authorized to do business in the District, has appointed a registered agent, and received service of process through their registered agent."). FedEx Services alleges that more contacts are necessary to establish jurisdiction than those that this Court found sufficient in In re FTC, relying on subsequent decisions. But in both of cases cited by FedEx Services, there are no facts showing that the defendants' registered agents received service **within the District** and those cases therefore are not instructive here. See AMAF Int'l, Corp., v. Ralston Purina Co., 428 A.2d

849, 851 (D.C. 1981); <u>Bayles v. K-Mart Corp.</u>, 636 F. Supp. 852 (D.D.C. 1986).  <u>In re FTC</u> is unambiguous and should control this motion.

Even if more contacts were required, however, Ablaise should be entitled to inquire, through jurisdictional discovery, into FedEx Services' contacts with the District of Columbia. <u>See, e.g.</u>, <u>GTE New Media Servs. Inc. v. Bellsouth Corp.</u>, 199 F.3d 1343, 1351 (D.C. Cir. 2000). One obvious question, for example, is why FedEx Services is registered to do business in the District of Columbia—and has been so since its inception over seven years ago—if it has no contacts in the District?   Under § 13-334(a), of course, the basis for establishing general jurisdiction does not have to relate to the basis for the lawsuit. <u>See, e.g.</u>, <u>AMAF Int'l</u>, 428 A.2d at 850; <u>cf.</u> FedEx Services Mem. of Law, at 5, 7 (alleging that because FedEx Services does not make, use, or sell an infringing product or service that there cannot be jurisdiction).

In any event, there is a separate and independent grounds for jurisdiction here: the substantial interactivity of fedex.com that D.C. residents enjoy.  As FedEx Corporation boasts, fedex.com is a highly interactive and customer-focused website.  <u>See, e.g.</u>, Exh. A, at 16;[2] <u>see, e.g.</u>, <u>Blumenthal v. Drudge</u>, 992 F. Supp. 44, 56 (D.D.C. 1998).  These features, furthermore, in no way compare to the virtual "yellow pages" that FedEx Services relies on in <u>GTE</u>, which relates to an "essentially passive" website.  199 F.3d at 1350.  The FedEx website, moreover, is "the single point of contact" for customers to access the FedEx family of companies for the overall benefit of the FedEx family.   The interactivity and customer and commercial based features of fedex.com subject FedEx Services—the owner and operator of the website—to the jurisdiction of this Court.

---

[2]    Indeed, the first webpage at fedex.com allows users to login to their customer account with their individual password.  <u>See, e.g.</u>, www.fedex.com; <u>Exh. B</u>.

**Conclusion**

For the foregoing reasons and those set forth in Ablaise's earlier response motion (Docket Number 8), FedEx Services is subject to personal jurisdiction in the District of Columbia. Ablaise, therefore, respectfully requests that this Court hear oral argument on this motion, deny FedEx Services' motion in full and allow Ablaise to proceed on the merits in front of this Court.

Dated: December 3, 2007                         Respectfully submitted,

                                                 _s/ Patrick M. Arenz_____
                                                Ronald J. Schutz (admitted *pro hac vice*)
                                                Jake M. Holdreith (admitted *pro hac vice*)
                                                Eric S. Jackson #446657
                                                Cyrus A. Morton (admitted *pro hac vice*)
                                                Patrick M. Arenz (admitted *pro hac vice*)
                                                ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                                2800 LaSalle Plaza
                                                800 LaSalle Avenue
                                                Minneapolis, MN 55402-2015
                                                612-349-8500

                                                Jeffrey J. Downey, Esq. #427010
                                                THE LAW OFFICES OF
                                                    JEFFREY J. DOWNEY
                                                1225 I Street NW, Suite 600
                                                Washington, DC 20005
                                                Ph: (202) 789-1110
                                                Fx: (202) 789-1116

                                                Attorneys for Plaintiff ABLAISE LTD.

MP3 20252383.1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ABLAISE LTD. )
          Plaintiff, )
           )
v. )     Civil Action No. 1:07-cv-01836
           )
NAVTEQ CORP. )     Judge James Robertson
           )
FEDEX CORP. )     **ORAL HEARING REQUESTED**
           )
FEDEX CORPORATE SERVICES INC. )
           )
GENERAL MOTORS CORP. )
           )
ALASKA AIR GROUP, INC. )
           )
CIRCUIT CITY STORES, INC. )
           )
          Defendants. )

_____

## DECLARATION OF PATRICK M. ARENZ

I, Patrick M. Arenz, declare:

1.     I am an attorney with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P. and am admitted to practice *pro hac vice* before the United States District Court of the District of Columbia. I represent Ablaise Ltd. in this matter.

2.     On November 29, 2007, the summons and complaint for this case was served on C T Corporation, located at 1015 15th Street N.W., Washington D.C. 20005, which is the registered agent in the District of Columbia for FedEx Corporate Services, Inc.

3.     Attached hereto as Exhibit A is a true and correct copy of excerpts from FedEx Corporation's Form 10-K, signed July 12, 2007.

4.     Attached hereto as Exhibit B is a true and correct copy of a screen shot from www.fedex.com.

I declare under the penalty of perjury and the laws of the District of Columbia that the foregoing is true and correct.


Dated:  December 3, 2007                          s/Patrick M. Arenz

# EXHIBIT A

Table of Contents

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

# Form 10-K

(Mark One)

☑  **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the fiscal year ended May 31, 2007.

or

☐  **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the transition period from        to        .

Commission file number 1-15829

# FEDEX CORPORATION
*(Exact Name of Registrant as Specified in its Charter)*

| | |
|---|---|
| **Delaware** | **62-1721435** |
| *(State or Other Jurisdiction of Incorporation or Organization)* | *(I.R.S. Employer Identification No.)* |
| **942 South Shady Grove Road, Memphis, Tennessee** | **38120** |
| *(Address of Principal Executive Offices)* | *(ZIP Code)* |

Registrant's telephone number, including area code:
**(901) 818-7500**

Securities registered pursuant to Section 12(b) of the Act:

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| **Common Stock, par value $0.10 per share** | **New York Stock Exchange** |

Securities registered pursuant to Section 12(g) of the Act:
**None**

Indicate by check mark if the Registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.  Yes ☑        No ☐

Indicate by check mark if the Registrant is not required to file reports pursuant to Rule 13 or Section 15(d) of the Exchange Act.  Yes ☐        No ☑

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.  Yes ☑        No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§ 229.405 of this chapter) is not contained herein, and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☑

Indicate by check mark whether the Registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer ☑        Accelerated filer ☐        Non-accelerated filer ☐

Indicate by check mark whether the Registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).  Yes ☐        No ☑

Table of Contents

# PART I

## ITEM 1. *BUSINESS*

### Overview

FedEx Corporation ("FedEx") provides a broad portfolio of transportation, e-commerce and business services through companies that compete collectively, operate independently and manage collaboratively, under the respected FedEx brand. These companies are included in four reportable business segments:

- *FedEx Express:* Federal Express Corporation ("FedEx Express") is the world's largest express transportation company, offering time-certain delivery within one to three business days and serving markets that comprise more than 90% of the world's gross domestic product. The FedEx Express segment also includes FedEx Trade Networks, Inc., which provides international trade services, specializing in customs brokerage and global cargo distribution.

- *FedEx Ground:* FedEx Ground Package System, Inc. ("FedEx Ground") is a leading provider of small-package ground delivery service. FedEx Ground provides low-cost service to every business address in the United States, Canada and Puerto Rico, as well as residential delivery to nearly 100% of U.S. residences through FedEx Home Delivery. The FedEx Ground segment also includes FedEx SmartPost, Inc., which specializes in the consolidation and delivery of high volumes of low-weight, less time-sensitive business-to-consumer packages using the U.S. Postal Service for final delivery to residences.

- *FedEx Freight:* FedEx Freight Corporation is a leading U.S. provider of less-than-truckload ("LTL") freight services through its FedEx Freight business (regional next-day and second-day and interregional LTL freight services) and its FedEx National LTL business (long-haul LTL freight services). The FedEx Freight segment also includes FedEx Custom Critical, Inc., North America's largest time-specific, critical shipment carrier, and Caribbean Transportation Services, Inc., a leading provider of airfreight forwarding services between the United States and Puerto Rico.

- *FedEx Kinko's:* FedEx Kinko's Office and Print Services, Inc. ("FedEx Kinko's") is a leading provider of document solutions and business services. FedEx Kinko's global network of digitally-connected locations offers access to technology for copying and printing, professional finishing, document creation, Internet access, computer rentals, videoconferencing, signs and graphics, direct mail, Web-based printing and the full range of FedEx day-definite ground shipping and time-definite global express shipping services, and a variety of other retail services and products, including office supplies.

For financial information concerning our reportable business segments, refer to the accompanying financial section, which includes management's discussion and analysis of results of operations and financial condition and our consolidated financial statements.

Our Web site is located at *fedex.com* . Detailed information about our services and our e-commerce tools and solutions can be found on our Web site. In addition, we make our Annual Reports on Form 10-K, Quarterly Reports on Form 10-Q, Current Reports on Form 8-K and all amendments to such reports available, free of charge, through our Web site, as soon as reasonably practicable after they are filed with or furnished to the SEC. These and other SEC filings are available through the Investor Relations page of our Web site, the address of which is *http://www.fedex.com/us/investorrelations* . The information on our Web site, however, is not incorporated by reference in, and does not form part of, this Annual Report on Form 10-K.

Except as otherwise specified, any reference to a year indicates our fiscal year ended May 31 of the year referenced.

### Strategy

FedEx was incorporated in Delaware on October 2, 1997 to serve as the parent holding company of FedEx Express and each of our other operating companies. Through our holding company and FedEx

Corporate Services, Inc. ("FedEx Services"), we provide strategic direction to, and coordination of, the FedEx portfolio

3

Table of Contents

of companies. We intend to continue leveraging and extending the FedEx brand and providing our customers with convenient, seamless access to our entire portfolio of integrated business solutions.

We are pursuing a number of initiatives to continue to enhance the FedEx customer experience. For instance, we are expanding our transportation and retail networks (as described below) to accommodate future volume growth and increase customer convenience. In addition, we are broadening and more effectively bundling our portfolio of services in response to the needs and desires of our customers, such as through our recent acquisitions in the long-haul LTL freight and international domestic express transportation markets (as described below) and our new and improved service offerings — for example, FedEx Kinko's Print Online (see "FedEx Kinko's Segment" below).

We believe that sales and marketing activities, as well as the information systems that support the extensive automation of our package delivery services, are functions that are best coordinated across operating companies. Through the use of advanced information systems that connect the FedEx companies, we make it convenient for customers to use the full range of FedEx services. We believe that seamless information integration is critical to obtain business synergies from multiple operating units. For example, our Web site, *fedex.com* , provides a single point of contact for our customers to access FedEx Express, FedEx Ground and FedEx Freight shipment tracking, customer service and invoicing information and FedEx Kinko's office and print services. Similarly, by making one call to the new FedEx Expedited Freight Services, our customers can quickly and easily evaluate surface and air freight shipping options available from FedEx Express, FedEx Freight and FedEx Custom Critical in order to select the best service meeting their needs. Through this one point of contact, customers can select from a broad range of freight services, based on their pickup and delivery requirements, time sensitivity and the characteristics of the products being shipped.

We manage our business as a portfolio — in the long-term best interest of FedEx as a whole, not a particular operating company. As a result, we base decisions on capital investment, expansion of delivery, information technology and retail networks, and service additions or enhancements on achieving the highest overall long-term return on capital for our business as a whole. For each FedEx company, we focus on making appropriate investments in the technology and assets necessary to optimize our earnings performance and cash flow. As an example of our commitment to managing collaboratively, most of our management incentive compensation programs are tied to the performance of FedEx as a whole.

While we have increased our emphasis on competing collectively and managing collaboratively, we continue to believe that operating independent networks, each focused on its own respective markets, results in optimal service quality, reliability and profitability from each business unit. Each FedEx company focuses exclusively on the market sectors in which it has the most expertise. Each company's operations, cost structure and culture are designed to serve the unique customer needs of a particular market segment.

Our "compete collectively, operate independently, manage collaboratively" strategy also provides flexibility in sizing our various operating companies to align with varying macro-economic conditions and customer demand for the market segments in which they operate. For example:

• To accommodate international growth at FedEx Express, we are adding flights, purchasing aircraft, increasing capacity and improving services to and from Europe and Asia based on the growth prospects of these regions.

• We are expanding network capacity at our growing FedEx Ground and FedEx Freight companies. For instance, we expect to increase FedEx Ground's daily package pick-up capacity to approximately five million packages by 2012.

• We are expanding the FedEx Kinko's retail network, which will further increase customer access to FedEx shipping services and offer growth opportunities in e-commerce and other business services.

We believe the following four trends continue to drive world commerce and shape the global marketplace:

• *Globalization:*  As the world's economy becomes more fully integrated, and as barriers to trade continue to decrease, companies are sourcing and selling globally. With customers in more than 220 countries and

Case 1:07-cv-01836-JR     Document 18-2     Filed 12/03/2007     Page 8 of 16

4

Table of Contents

functions, enabling us to more effectively sell the entire portfolio of express and ground services and to help ensure a consistent and outstanding experience for our customers.

FedEx Services provides our customers with a high level of service quality, as evidenced by our ISO 9001 certification for our global express and ground operations. ISO 9001 registration is required by thousands of customers around the world. FedEx's global certification, encompassing the processes of FedEx Express, FedEx Ground and FedEx Services, enhances our single-point-of-access strategy and solidifies our reputation as the quality leader in the transportation industry. ISO 9001 is currently the most rigorous international standard for Quality Management and Assurance. ISO standards were developed by the International Organization for Standardization in Geneva, Switzerland to promote and facilitate international trade. More than 150 countries, including European Union members, the United States and Japan, recognize ISO standards.

T. Michael Glenn is the President and Chief Executive Officer of FedEx Services, which is based in Memphis, Tennessee. As of May 31, 2007, FedEx Services had approximately 15,000 employees.

### Technology

FedEx is a world leader in technology, and FedEx founder Frederick W. Smith's vision that "the information about a package is as important as the delivery of the package itself" remains at the core of our comprehensive technology strategy.

Our technology strategy is driven by our desire for customer satisfaction. We strive to build technology solutions that will solve our customers' business problems with simplicity, convenience, speed and reliability. The focal point of our strategy is our award-winning Web site, together with our customer integrated solutions.

The *fedex.com* Web site was launched over ten years ago, and during that time, customers have shipped and tracked billions of packages at *fedex.com* . The *fedex.com* Web site is widely recognized for its speed, ease of use and customer-focused features. At *fedex.com* , our customers ship packages, determine international documentation requirements, track package status, pay invoices and access FedEx Kinko's office and printing services. Our FedEx Insight application provides customers with visibility and package status of their inbound and outbound express, ground and freight shipments. Our FedEx Global Trade Manager resource enables customers to more easily navigate the complexities of international commerce by helping them identify the documents they need in order to ship to and from specific countries. FedEx Global Trade Manager also offers a currency converter, profiles of regulatory information by country, a customs regulation guide and, through its "Estimate Duties and Taxes" features, customers can estimate applicable governmental charges, duties and fees. FedEx Billing Online provides customers real-time access to their accounts, invoices and paid shipment details.

We have extended the reach of the *fedex.com* Web site to be accessible from most wireless devices, making it faster and easier for U.S. and Canadian customers to access real-time package status tracking information, rates and drop-off location data for FedEx Express and FedEx Ground shipments. Our wireless service is available through Web-enabled devices, such as mobile telephones, personal digital assistants and Research In Motion (RIM) devices (such as the BlackBerry). FedEx also uses wireless data collection devices to scan bar codes on shipments. Our data collection device, the FedEx PowerPad, uses Bluetooth wireless technology to give our couriers wireless access to the FedEx network, thereby enhancing and accelerating the package information available to our customers.

We design our e-commerce tools and solutions to be easily integrated into our customers' applications, as well as into third-party software being developed by leading e-procurement, systems integration and enterprise resource planning companies. Our FedEx Ship Manager suite of solutions offers a wide range of options to help our customers manage their shipping and associated processes.

### Marketing

The FedEx brand name is a symbol for high-quality service, reliability and speed. FedEx is one of the most widely recognized brands in the world. Special emphasis is placed on promoting and protecting the FedEx

16

Table of Contents

## SIGNATURES

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, as amended, the Registrant has duly caused this Report to be signed on its behalf by the undersigned, thereunto duly authorized.

FEDEX CORPORATION

Dated: July 12, 2007

By: /s/  FREDERICK W. SMITH
_____
Frederick W. Smith
Chairman, President and
Chief Executive Officer

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, this Report has been signed below by the following persons on behalf of the Registrant in the capacities and on the dates indicated.

| Signature | Capacity | Date |
|---|---|---|
| /s/  FREDERICK W. SMITH<br>Frederick W. Smith | Chairman, President and<br>Chief Executive Officer<br>and Director<br>*(Principal Executive Officer)* | July 12, 2007 |
| /s/  ALAN B. GRAF, JR.<br>Alan B. Graf, Jr. | Executive Vice President and<br>Chief Financial Officer<br>*(Principal Financial Officer)* | July 12, 2007 |
| /s/  JOHN L. MERINO<br>John L. Merino | Corporate Vice President<br>and Principal Accounting Officer<br>*(Principal Accounting Officer)* | July 12, 2007 |
| /s/  JAMES L. BARKSDALE*<br>James L. Barksdale | Director | July 12, 2007 |
| /s/  AUGUST A. BUSCH IV*<br>August A. Busch IV | Director | July 12, 2007 |
| /s/  JOHN A. EDWARDSON*<br>John A. Edwardson | Director | July 12, 2007 |
| /s/  JUDITH L. ESTRIN*<br>Judith L. Estrin | Director | July 12, 2007 |
| /s/  J. KENNETH GLASS*<br>J. Kenneth Glass | Director | July 12, 2007 |
| /s/  PHILIP GREER*<br>Philip Greer | Director | July 12, 2007 |

30

Table of Contents

| Signature | Capacity | Date |
|---|---|---|
| /s/  J. R. HYDE, III*<br>J. R. Hyde, III | Director | July 12, 2007 |
| /s/  SHIRLEY ANN JACKSON*<br>Shirley Ann Jackson | Director | July 12, 2007 |
| /s/  STEVEN R. LORANGER*<br>Steven R. Loranger | Director | July 12, 2007 |
| /s/  CHARLES T. MANATT*<br>Charles T. Manatt | Director | July 12, 2007 |
| /s/  JOSHUA I. SMITH*<br>Joshua I. Smith | Director | July 12, 2007 |
| /s/  PAUL S. WALSH*<br>Paul S. Walsh | Director | July 12, 2007 |
| /s/  PETER S. WILLMOTT*<br>Peter S. Willmott | Director | July 12, 2007 |
| *By:  /s/  JOHN L. MERINO<br>John L. Merino<br>     Attorney-in-Fact | | July 12, 2007 |

31

Table of Contents

**FEDEX CORPORATION**

**NOTES TO CONSOLIDATED FINANCIAL STATEMENTS — (Continued)**

Court for a review of the appellate court decision, and that petition was denied. The rest of the appeal is pending.

Adverse determinations in these matters could, among other things, entitle certain of our contractors to the reimbursement of certain expenses and to the benefit of wage-and-hour laws and result in employment and withholding tax liability for FedEx Ground. On August 10, 2005, the Judicial Panel on Multi-District Litigation granted our motion to transfer and consolidate the majority of the class-action lawsuits for administration of the pre-trial proceedings by a single federal court — the U.S. District Court for the Northern District of Indiana. We strongly believe that FedEx Ground's owner-operators are properly classified as independent contractors and that we will prevail in these proceedings. Given the nature and preliminary status of these claims, we cannot yet determine the amount or a reasonable range of potential loss in these matters, if any.

*Race Discrimination.*  During the fourth quarter of 2007, we settled *Satchell v. FedEx Express* , a class action lawsuit in California that alleged discrimination by FedEx Express in the Western region of the United States against certain current and former minority employees in pay and promotion. The settlement will require a payment of approximately $55 million by FedEx Express, which is covered by insurance. The court has granted preliminary approval of the settlement, and a hearing is scheduled for August 2007 for the court to consider final approval of the settlement.

*Other.*  FedEx and its subsidiaries are subject to other legal proceedings that arise in the ordinary course of their business. In the opinion of management, the aggregate liability, if any, with respect to these other actions will not materially adversely affect our financial position, results of operations or cash flows.

**NOTE 18:  RELATED PARTY TRANSACTIONS**

Two of our sponsorships of professional sports venues involve related parties. Our Chairman, President and Chief Executive Officer, Frederick W. Smith, currently holds an approximate 10% ownership interest in the National Football League Washington Redskins professional football team ("Redskins") and is a member of its board of directors. FedEx has a multi-year naming rights agreement with the Redskins granting us certain marketing rights, including the right to name the Redskins' stadium "FedExField."

A member of our Board of Directors, J.R. Hyde, III, and his wife together own approximately 13% of HOOPS, L.P. ("HOOPS"), the owner of the NBA Memphis Grizzlies professional basketball team. FedEx has a naming rights agreement with HOOPS granting us certain marketing rights, including the right to name the Grizzlies' arena "FedEx Forum." Pursuant to a separate 25-year agreement with HOOPS, the City of Memphis and Shelby County, FedEx has agreed to pay $2.5 million a year for the balance of the term if HOOPS terminates its lease for the arena after 17 years.

102

# EXHIBIT B



FedEx

Español | Customer Support | FedEx Locations Search Go

Package/Envelope | Freight | Expedited | Office/Print Services

Ship ▸ Track ▸ Manage ▸ Business Solutions ▸

## Login

**User ID:** Forgot?

**Password:** Forgot?

**I want to:**
Ship a package/envelope

Remember Me Login

## New Customer Center

**Start Today ▸** Download a FedEx welcome kit and learn how to ship.
**Register for fedex.com ▸**
**Open a FedEx Account ▸**

## Explore FedEx

**Learn about:**
FedEx Companies Go
Featured Services Go

**FedEx Solutions Tool**
Choose the best technology solution or shipping/business service, or contact FedEx Sales.
**Start ▸**

**First and Goal**
Play the FedEx F
Goal Challenge.

**49 Cent Color**
Print in-store or
save.

**India Trade Mi**
Expand your inte
reach.

Visit Promotions

Track | Find Locations

? Help

Track Shipments/FedEx Kinko's Orders

Enter any combination of up to 30 FedEx tracking or Door Tag numbers: (one per line)

You can also track FedEx Kinko's orders by entering order numbers.

Track

## News

2008 FedEx Rate

2007 Holiday Shi

Fuel Surcharge I

**More News ▸**

Global Home | FedEx Mobile | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map

This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2007 FedEx

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABLAISE LTD. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-01836 |
| | ) | |
| NAVTEQ CORP. | ) | Judge James Robertson |
| | ) | |
| FEDEX CORP. | ) | |
| | ) | |
| FEDEX CORPORATE SERVICES INC. | ) | |
| | ) | |
| GENERAL MOTORS CORP. | ) | |
| | ) | |
| ALASKA AIR GROUP, INC. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC. | ) | |
| | ) | |
| Defendants. | | |

_____

**[PROPOSED] ORDER**

**IT IS HEREBY ORDERED** that Defendant FedEx Corporation's motion to dismiss, or

in the alternative transfer venue to the Western District of Tennessee is **DENIED**.

Dated this ___ of _____, 2007        _____
                                             The Honorable James Robertson