IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABLAISE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> NAVTEQ CORP., FEDEX CORP., FEDEX CORPORATE SERVICES, INC., GENERAL MOTORS CORP., ALASKA AIR GROUP, INC., AND CIRCUIT CITY STORES, INC. <br><br> Defendants. | Civil Action No.: 1:07-CV-01836 <br><br> Judge James Robertson <br><br> [Filed Electronically] |

**REPLY TO ABLAISE'S OPPOSITION TO FEDEX CORPORATE SERVICES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. §§ 1404 OR 1406**

FedEx Corporate Services, Inc. ("FedEx Services") has done nothing to justify being haled into court in this District. FedEx Services does not "do business" in the District under the meaning of D.C.'s general jurisdiction statute. Nor does FedEx Services have any contact with this District beyond the existence of a passive website—maintained and operated in Tennessee—that D.C. residents (and anyone in the world) may access.

In response, Ablaise offers little more than outdated cases and incorrect assertions of the law. Contrary to Ablaise's arguments, merely *registering* to do business and having an agent for service of process in the District does not, by itself, establish personal jurisdiction. The case law is clear that a company must also have a "continuing corporate presence in the forum state directed at advancing the corporation's objectives." Similarly, having an interactive website available to D.C. residents also does not establish personal jurisdiction. There must also be some non-Internet related contacts with the District. Ablaise has failed to establish any of these facts because none exists. It is undisputed that FedEx Services is a Tennessee corporation, that any allegedly infringing activity—to the extent any exists—occurs in Tennessee, and that all of the

key witnesses and evidence exists in Tennessee. Given Ablaise's inability to establish a prima facie case in favor of exercising personal jurisdiction, FedEx Services should be dismissed from this case.

In the alternative, if the Court does not dismiss FedEx Services, this case should clearly be transferred to and heard in Tennessee. Rather than respond to each of the arguments raised by FedEx *Services* in its Motion, Ablaise merely refers to its equally deficient Opposition to FedEx *Corporation*'s motion to dismiss. By choosing this strategy, Ablaise failed to oppose any of FedEx *Services*' arguments specific to why the case against FedEx *Services* should be dismissed and/or transferred. Ablaise's silence exposes the sheer weakness of its arguments against both companies.[1] Ablaise does not (because it cannot) plausibly argue that hearing this case in Tennessee would be less convenient for Ablaise, a British corporation, than hearing this case in the District. And Ablaise does not (because it cannot) dispute that all of the key witnesses and documents are in Tennessee, particularly since Ablaise has indicated in other litigations involving the same patent that it does not intend to produce any supporting documents. Finally, Ablaise has no response to the fact that hearing the case against all six defendants with at least six different websites does not preserve judicial efficiency. In short, Ablaise's opposition to FedEx Services' motion to transfer is utterly deficient.

Accordingly, FedEx Services respectfully requests that the Court dismiss FedEx Services for lack of personal jurisdiction, or, in the alternative, that the Court transfer this case to the Western District of Tennessee, where jurisdiction and venue are proper.

---

[1] Ablaise's Opposition to FedEx *Corporation*'s Motion to Dismiss refers to the party by the name "FedEx," in an apparent attempt to blur the very real distinction between corporate parent FedEx *Corporation* and wholly-owned subsidiary, FedEx *Services*. Defendants are confident this Court is not that easily misled.

I.  **ARGUMENT**

   A.  **Under a Proper Interpretation of the Relevant Case Law, This Court Does Not Have Personal Jurisdiction over FedEx Services**

In its Opposition, Ablaise makes several assertions that are legally incorrect and contrary to the case law that Ablaise itself cites. For example, Ablaise relies heavily on *In re FTC Corporate Patterns Report Litigation*, 432 F. Supp. 274 (D.D.C. 1977), to support its one argument that if a party is authorized to do business in the District of Columbia, has a registered agent in the District, and that agent was served with process in the District, that this is sufficient to establish personal jurisdiction under D.C. Code § 13-334. Ablaise Opp'n at 3 (citing *FTC*, 432 F. Supp. at 286). But Ablaise ignores the fact that the *FTC* court relied on an old service of process statute that is not applicable here. While the parties did raise § 13-334 in the case, the *FTC* court only found personal jurisdiction of party under D.C. Code § 29-933i(a), not § 13-334.[2] *FTC*, 432 F. Supp. at 286 (citing § 29-933i(a) in support of its holding). D.C. Code § 29-933i(a) from 1977, however, is the predecessor to current D.C. Code § 29-101.108, which is not at issue here. Given the outdated and irrelevant statute relied upon by the *FTC* court, the applicability of the *FTC* opinion is suspect and hardly "unambiguous." Ablaise Opp'n at 4. Moreover, in the same opinion, the FTC Court acknowledged that "the relevant portions of these two statutes [§ 29-933i(a) and § 13-334] require that a corporation be "doing business" in the District of Columbia before it is amenable to service." *FTC,* 432 F. Supp. at 285. Thus, Ablaise's absolute reliance on the *FTC* case is misplaced.

---

[2] D.C. Code § 29-933i(a) (1973) states: "The registered agent so appointed by a foreign corporation authorized to transact business in the District shall be an agent of such foreign corporation upon whom process against such corporation may be served, and upon whom any notice or demand required or permitted by law to be served upon such corporation may be served." Declaration of Linda Thayer in Support of FedEx Services' Motion to Dismiss, Ex. A.

3

Despite the inapplicable holding of *FTC*, Ablaise disregards the more recent case law cited by FedEx Services, claiming that "in both of [the] cases cited by FedEx Services, there are no facts showing that the defendants' registered agents received service **within the District** and those cases therefore are not instructive here." Ablaise Opp'n at 3 (emphasis in original). This argument is disingenuous and flatly incorrect. In *AMAF Int'l Corp. v. Ralston Purina Co.*, 428 A.2d 849 (D.C. 1981), cited by FedEx Services, the defendant was qualified to do business in the District and "maintains a registered agent [in the District] as a condition of that privilege." *Id.* at 851. While the opinion does not explicitly state that the plaintiff actually served the defendant's registered agent in the District, it did not have to. The implication is clear by virtue of the fact that § 13-334(a) was at issue. § 13-334(a) ("In an action against a foreign corporation doing business in the District, process may be served . . . by leaving a copy at the place of business or residence of the agent *in the District* . . . ."). Accordingly the Court stated, "The fact that § 13-334(a) allows service upon a corporation's registered agent does not end the inquiry." *AMAF*, 428 A.2d at 851.

Ablaise is even more blatantly incorrect regarding the *Bayles v. K-Mart Corp.*, 636 F. Supp. 852 (D.D.C. 1986) case, cited by FedEx Services. Motion at 4. There, the Court expressly noted the plaintiff's argument that she complied with § 13-334(a) "by serving the C.T. Corporation, defendant's registered agent in the District of Columbia." *Bayles*, 636 F. Supp. at 855. This is the very same registered agent on which Ablaise served the summons and complaint for this case against FedEx Services. Declaration of Patrick M. Arenz (Dkt. # 18-2) ¶ 2. Thus, Ablaise's contention that the *AMAF* and *Bayles* cases have no facts showing that defendants' registered agents were served in DC, and therefore "are not instructive," is false.

4

Given the obvious applicability of *AMAF* and *Bayles*, the law clearly requires that, under the general jurisdiction statute of § 13-334(a), merely serving a registered agent in the District is insufficient to establish personal jurisdiction over the corporation. *AMAF*, 428 A.2d at 851. Ablaise must also establish that FedEx Services is "doing business" in the District, which is defined as "any continuing corporate presence in the forum state directed at advancing the corporation's objectives." *Id; see also Bayles*, 636 F. Supp. at 856.

Moreover, despite Ablaise's assertions to the contrary, jurisdictional discovery is unnecessary to dismiss FedEx Services and/or transfer this action to Tennessee. As the *Bayles* court recognized, the Court may deny personal jurisdiction where a corporation maintains a registered agent in the District but is not "doing business" under the meaning of the statute. *Id.* This Court may come to the same conclusion based on facts already in the record. In *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000), the court justified jurisdictional discovery because the case involved at least nine defendants, and the Court "[did] not even know for certain which defendants own and operate which websites." *GTE*, 199 F.3d at 1351-52. In this case, FedEx Corporation and FedEx Services have volunteered in their signed, supporting declarations that the accused *fedex.com* website is the product of Tennessee-based FedEx Services. Furthermore, public records show that the *fedex.com* website is indisputably registered to FedEx Services. Declaration of Jeffrey Danley ("Danley Dec.") (Dkt. # 17-3) ¶ 1 and Ex. A; *see also* Ablaise Opp'n at 4 (acknowledging that FedEx Services is "the owner and operator of the website"). Thus, unlike the *GTE* case, the record in this case is not "plainly inadequate," and further jurisdictional discovery is unwarranted. *See GTE*, 199 F.3d at 1352.

As a last-ditch effort, Ablaise argues that the Court should exercise personal jurisdiction over FedEx Services because of the "substantial interactivity of fedex.com that D.C. residents

5

enjoy." Ablaise Opp'n at 4 (citing *Blumenthal v. Drudge*, 992 F. Supp. 44, 56 (D.D.C. 1998). As already established by FedEx Services in its Motion, however, there is no interactivity between residents of the District and FedEx Services through the fedex.com website—residents use the website in a purely passive informational capacity. Motion at 5-6. But even if the Court found the website was interactive between D.C. residents and FedEx Services, the *Blumenthal* case still does not apply. Ablaise once again miscites the case and ignores half of the Court's holding. In *Blumenthal*, the Court did not hold that an interactive website alone is sufficient to establish personal jurisdiction. Rather, the Court held that, in addition to an interactive website, "there must also be some other non-Internet related contacts between the defendant and the forum state in order for the court to exercise personal jurisdiction." *Blumenthal*, 992 F. Supp. at 56. Ablaise has made no such showing here, and indeed it cannot. All key employees, documents, and information are located in Tennessee, not in D.C. Motion at 4, 8. In particular, the servers from which the pages of the fedex.com website are served are all located in Tennessee.[3] Thus, because Ablaise has failed to make a prima facie showing that personal jurisdiction is proper, the Court should dismiss this case against FedEx Services.

B. **Through Its Silence, Ablaise Concedes that Tennessee Is the Proper Venue for This Case**

Regardless of whether personal jurisdiction is proper over FedEx Services in this district, Ablaise cannot deny that this case should be transferred to the Western District of Tennessee.

---

[3] Notably, Ablaise has not disputed that all of the claims of the asserted patent involve or "take place entirely" at the server. Motion at 8.

Indeed, Ablaise effectively conceded the weakness of its case by failing to respond to FedEx Services' arguments in its Opposition.[4]

Ablaise did not respond to FedEx Services arguments clearly demonstrating the inconvenience of litigating the case in D.C. For example, Ablaise is silent in response to the fact that it would be just as easy to send Ablaise's two witnesses to Memphis as it would be to D.C.. Motion at 11. And Ablaise failed to respond to the fact that there are no documents in D.C. (or London, for that matter)—all key documents (and witnesses) are in Tennessee. Motion at 11-12.

Ablaise is also silent in response to FedEx Services' arguments that the public interest favors transfer. As such, Ablaise did not respond to the fact that the claim constructions in other pending cases are not binding on FedEx Services. Motion at 12-13. Nor did Ablaise address the fact that judicial efficiency does not require hearing the cases against all six defendants at once. The separate defendants all have different websites and facts, and will therefore present different evidence and arguments that do not have to be heard together. These glaring deficiencies in Ablaise's Opposition cannot be ignored. Moreover, because the private and public-interest factors tip heavily in FedEx Services' favor—particularly given Ablaise's silence—transfer of this case to Tennessee is proper.

## II. CONCLUSION

For these reasons, FedEx Services respectfully requests that the Court grant its motion to dismiss. In the alternative, the suit against FedEx Services should be severed and transferred to

---

[4] Ablaise merely incorporated by reference its Opposition to FedEx Corporation's Motion to Dismiss. Ablaise Opp'n at 2. That Opposition, however, did not address many of the facts and arguments in support of transfer that FedEx Corporation raised in its Reply and FedEx Services raised in its Motion.

7

the Western District of Tennessee under 28 U.S.C. §§ 1404 or 1406 because Tennessee is the only proper forum for resolution of the dispute between these specific parties.

Dated: December 12, 2007

Respectfully submitted,

/s/Linda J. Thayer
Kenneth W. Curtis (DC Bar #345256)
Linda J. Thayer (DC Bar #464,498)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiffs
FEDEX CORPORATION and FEDEX
CORPORATE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABLAISE, LTD., <br>         Plaintiff, <br><br> v. <br><br> NAVTEQ CORP., FEDEX CORP., FEDEX CORPORATE SERVICES, GENERAL MOTORS CORP., ALASKA AIR GROUP, INC., AND CIRCUIT CITY STORES, INC. <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 1:07-CV-01836 <br><br> Judge James Robertson <br><br> [Filed Electronically] |

**DECLARATION OF LINDA THAYER IN SUPPORT OF FEDEX CORPORATE SERVICES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. §§ 1404 OR 1406**

I, Linda Thayer, declare as follows:

I am an attorney at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., counsel for FedEx Corporation and FedEx Corporate Services in this case. I am admitted to practice law in California. If called upon to do so, I can competently testify to the matters stated herein on personal knowledge.

1.     Attached hereto as Exhibit A is a true and correct copy of D.C. Code § 29-933i from Volume Two of the District of Columbia Code, 1973 Edition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of December, 2007, at 3300 Hillview Ave., Palo Alto, CA 94304.

                                                                              /s/
                                                               Linda Thayer

# EXHIBIT A

# DISTRICT OF COLUMBIA CODE
## ANNOTATED

## 1973 EDITION

CONTAINING THE LAWS, GENERAL AND PERMANENT IN THEIR NATURE, RELATING TO OR IN FORCE IN THE DISTRICT OF COLUMBIA (EXCEPT SUCH LAWS AS ARE OF APPLICATION IN THE DISTRICT OF COLUMBIA BY REASON OF BEING GENERAL AND PERMANENT LAWS OF THE UNITED STATES), IN FORCE ON JANUARY 2, 1973

NOTES TO DECISIONS THROUGH DECEMBER 1972



VOLUME TWO

TITLE 18—WILLS AND PROBATE OF WILLS
TO
TITLE 40—MOTOR VEHICLES

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1973

# CONTENTS

|  | Page |
|---|---|
| PREFACE | IX |
| TABLE OF TITLES AND CHAPTERS | XI |

## PART III

| | |
|---|---|
| TITLE 18—WILLS AND PROBATE OF WILLS | 1189 |
| TITLE 19—DESCENT AND DISTRIBUTION | 1207 |
| TITLE 20—ADMINISTRATION OF DECEDENTS' ESTATES | 1227 |
| TITLE 21—FIDUCIARY RELATIONS AND THE MENTALLY ILL | 1273 |

## PART IV

| | |
|---|---|
| TITLE 22—CRIMINAL OFFENSES | 1335 |
| TITLE 23—CRIMINAL PROCEDURE | 1581 |
| TITLE 24—PRISONERS AND THEIR TREATMENT | 1629 |

## PART V

| | |
|---|---|
| TITLE 25—ALCOHOLIC BEVERAGES | 1685 |
| TITLE 26—BANKS AND OTHER FINANCIAL INSTITUTIONS | 1721 |
| TITLE 27—CEMETERIES AND CREMATORIES | 1751 |
| TITLE 28—COMMERCIAL INSTRUMENTS AND TRANSACTIONS | 1759 |
| TITLE 29—CORPORATIONS | 1885 |
| TITLE 30—DOMESTIC RELATIONS | 2003 |
| TITLE 31—EDUCATION AND CULTURAL INSTITUTIONS | 2025 |
| TITLE 32—ELEEMOSYNARY, CURATIVE, CORRECTIONAL, AND PENAL INSTITUTIONS | 2119 |
| TITLE 33—FOOD AND DRUGS | 2151 |
| TITLE 34—HOTELS AND LODGING-HOUSES | 2183 |
| TITLE 35—INSURANCE | 2185 |
| TITLE 36—LABOR | 2315 |
| TITLE 37—LIBRARIES | 2365 |
| TITLE 38—LIENS | 2369 |
| TITLE 39—MILITARY | 2383 |
| TITLE 40—MOTOR VEHICLES | 2401 |

was authorized by an officer of the corporation duly empowered to make such change.

(c) Such statement shall be executed in duplicate by the corporation by its president or a vice president, and verified by him, and the corporate seal shall be thereto affixed, attested by its secretary or an assistant secretary, and shall be delivered to the Commissioner. If the Commissioner finds that such statement conforms to the provisions of this chapter, he shall—

(1) endorse on each of such duplicate originals the word "Filed", and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in his office;

(3) return the other duplicate original to the corporation or its representative.

(d) The change of address of the registered office, or the change of registered agent, or both, as the case may be, shall become effective upon the filing of such statement by the Commissioner.

(e) Any registered agent of a foreign corporation may resign as such agent upon filing a written notice thereof, executed in duplicate, with the Commissioner, who shall forthwith mail a copy thereof to the corporation at its principal office in the State under the laws of which it is organized as shown on the records of the Commissioner. The appointment of such agent shall terminate upon the expiration of thirty days after receipt of such notice by the Commissioner or upon the appointment of a successor agent becoming effective, whichever occurs sooner. No fee or charge of any kind shall be imposed with respect to a filing under this subsection.

(f) A registered agent of one or more foreign corporations may change the address of the registered office of such foreign corporation or corporations by filing with the Commissioner a statement setting forth:

(1) the name of the registered agent;

(2) the present address, including street and number, if any, of such registered agent;

(3) the names of the corporation or corporations represented by such registered agent at such address;

(4) the address, including street and number, if any, to which the office of such registered agent is to be changed; and

(5) the date upon which such change will take place."

(g) Such statement shall be executed in duplicate by such registered agent in his individual name but if such agent is a corporation, domestic or foreign, such statement shall be executed by such corporation by its president or a vice president and the corporate seal shall be thereto affixed, attested by its secretary or an assistant secretary, and delivered to the Commissioner. If the Commissioner finds that such statement conforms to law, he shall, when all fees and charges have been paid as in this chapter prescribed:

(1) endorse on each of such duplicate originals the word "Filed" and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in his office; and

(3) return the other duplicate original to the registered agent.

(h) The change of address of such registered agent as to each corporation named in such statement shall become effective upon the filing of such statement by the Commissioner or on the date set forth in such statement as the date on which such change of location of such registered office will take place, whichever is later. (June 8, 1954, 68 Stat. 222, ch. 269, § 107; Sept. 2, 1957, 71 Stat. 571, Pub. L. 85-254, § 24; July 23, 1959, 73 Stat. 242, Pub. L. 86-106, § 14; Sept. 3, 1963, 77 Stat. 137, Pub. L. 88-111, § 1(7).)

AMENDMENTS

1963—Section 1(7) of act Sept. 3, 1963, amended the section by adding subsections (f), (g) and (h) thereto.

1959—Subsec. (e) added by act July 23, 1959.

1957—Subsec. (c)(3) amended by act Sept. 2, 1957, which substituted "return the other duplicate original to the corporation or its representative" for "the other duplicate original shall be recorded in the office of the Recorder of Deeds."

EFFECTIVE DATE OF 1963 AMENDMENTS

See note to section 29-903.

EFFECTIVE DATE OF 1959 AMENDMENT

See note under section 29-907a.

EFFECTIVE DATE OF 1957 AMENDMENT

See note under section 29-905.

TRANSFER OF FUNCTIONS TO COMMISSIONER

See § 401 of Reorg. Plan No. 3 of 1967, eff. Nov. 3, 1967, set out in the appendix to title 1. See also §§ 301 and 503 of the Plan.

§ 29-933i. Service of process on foreign corporation.

(a) The registered agent so appointed by a foreign corporation authorized to transact business in the District shall be an agent of such foreign corporation upon whom process against such corporation may be served, and upon whom any notice or demand required or permitted by law to be served upon such corporation may be served. Service of any process, notice, or demand upon a corporate agent, as such agent, may be had by delivering a copy of such process, notice, or demand to the president, vice president, the secretary, or an assistant secretary of such corporate agent.

(b) Whenever a foreign corporation authorized to transact business in the District shall fail to appoint or maintain a registered agent in the District, or whenever any such resigtered agent cannot with reasonable diligence be found at the registered office of such corporation in the District, or whenever the certificate of authority of a foreign corporation shall be revoked, then the Commissioner shall be an agent of such foreign corporation upon whom any process against such corporation may be served and upon whom any notice or demand required or permitted by law to be served upon such corporation may be served. Service on the Commissioner of any such process, notice, or demand shall be made by delivering to and leaving with the Commissioner, or with any clerk having charge of his office, duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is

served on the Commissioner, he shall immediately cause one of such copies thereof to be forwarded by registered or certified mail, addressed to such corporation at its principal office in the State under the laws of which it is organized as the same appears in the records of the Commissioner.

(c) If any foreign corporation shall transact business in the District without a certificate of authority, it shall, by transacting such business, be deemed to have thereby appointed the Commissioner its agent and representatives upon whom any process, notice, or demand may be served. Service shall be made by delivering to and leaving with the Commissioner, or with any clerk having charge of his office, duplicate copies of such process, notice, or demand, together with an affidavit giving the latest known post office address of such corporation and such service shall be sufficient if notice thereof and a copy of the process, notice, or demand are forwarded by registered mail or certified mail addressed to such corporation at the address given in such affidavit.

(d) The Commissioner shall keep a record of all processes, notices, and demands served upon him under this section, and shall record therein the time of such service and his action with reference thereto.

(e) Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law. (June 8, 1954, 68 Stat. 223, ch. 269, § 108; Sept. 2, 1957, 71 Stat. 571, Pub. L. 85-254, § 25; July 23, 1959, 73 Stat. 242, Pub. L. 86-106, § 15; Sept. 3, 1963, 77 Stat. 138, Pub. L. 88-111, § 1(8).)

AMENDMENTS

1963—Section 1(8) of act Sept. 3, 1963, amended the section generally.

1959—Subsec. (a) amended by act July 23, 1959, § 15(a), which inserted: "in the State under the laws of which it is organized" following "principal office."

Subsec. (b) added by act July 23, 1959, § 15(b). Former subsec. (b) redesignated (c).

Subsec. (c), formerly (b), so redesignated by act July 23, 1959, § 15(b). Former subsec. (c) redesignated (d).

Subsec. (d), formerly (c), so redesignated by act July 23, 1959, § 15(b).

1957—Subsec. (a) amended by act Sept. 2, 1957, which substituted "service" for "services" in the sixth sentence.

EFFECTIVE DATE OF 1963 AMENDMENTS

See note to section 29-903.

EFFECTIVE DATE OF 1959 AMENDMENT

See note under section 29-907a.

EFFECTIVE DATE OF 1957 AMENDMENT

See note under section 29-905.

TRANSFER OF FUNCTIONS TO COMMISSIONER

See § 401 of Reorg. Plan No. 3 of 1967, eff. Nov. 3, 1967, set out in the appendix to title 1. See also §§ 301 and 503 of the Plan.

NOTES TO DECISIONS

Judgment of recovery against garnishee

In this case where garnishee appeared and opposed, the motion on jurisdictional grounds, the judgment creditor's motion for judgment of recovery, though garnishee had previously failed to answer the interrogatories and where the garnishee alleged that nothing was owed to judgment debtor when writs were received and that judgment debtor thereafter left his job with the garnishee, judgment of recovery should not be entered if, on further proceedings, it is shown that no additional wages became due judgment debtor from garnishee between receipt of writs and termination of debtor's employment and if there were otherwise cause to permit answer to be filed. *Metropolitan Roofing and Sheet Metal Co., Inc.* v. *Franklin Investment Co., Inc.* (D.C. App. 1969, 256 A. 2d 913).

Service on agent

Service on attorney in fact who had been appointed and maintained in District of Columbia by Swiss corporation and who was authorized to accept service of all notices and process on corporation's behalf for proceedings between Attorney General, Secretary of Treasury, and corporation which sued to recover property that had been vested in Alien Property Custodian under Trading with the Enemy Act was valid in action by citizens to enjoin Attorney General and Secretary from paying proceeds of sale of property to Swiss corporation. *W. Kelberine* v. *Societe Internationale, etc.* (1966, 363 F. 2d 989, 124 U.S. App. D.C. 257).

Foreign corporation which is present in District and has duly authorized agent to do tasks for which the corporation is present can be served with process in action reasonably within ambit of those tasks by serving the agent. *Id.*

Foreign corporation which comes to District of Columbia for purpose of filing and prosecuting in District Court a suit concerning certain property cannot by restricting authority of its resident agent immunize itself against suit in the same court involving the same property. *Id.*

Service on Commissioners

District of Columbia statute making service upon officer of foreign corporation transacting business in District without place of business or resident agent therein effectual as to suits growing out of contracts entered into therein and statute providing that foreign corporation transacting business in District without certificate shall be deemed to have appointed commissioners its agents are to be read in pari materia, and, in respect to action on District contract, service on commissioners was valid. *Central Insurance Agency Co., Inc.* v. *Financial Credit Corp., et al.* (D.C.D.C. 1963, 222 F. Supp. 627).

Service was quashed and complaint dismissed in treble damage action against foreign corporation under Clayton Act where plaintiff failed to establish that it had complied with statutory requirement of delivering to and leaving with the Commissioners of District of Columbia, or with any clerk having charge of their office, copies of process. *Curtis Brothers, Inc.* v. *Thomasville Chair Co.* (1961, 292 F. 2d 774, 110 U.S. App. D.C. 281).

Transacting business

Alabama insurance corporation which received insurance applications at its principal office in Alabama and for the past ten years mailed contracts of insurance to District of Columbia residents whose applications were accepted, which employed independent adjusting firm in the District on case by case basis to investigate and attempt settlement of claims against its policyholders, and which also employed attorneys to defend actions against its policyholders was maintaining a "regular, continuous course of business" in the District under statute and was subject to in personam jurisdiction by delivery of copy of complaint to District commissioners. *J. V. Stevens etc.* v. *American Service Mutual Insurance Co.; American Service Mutual Insurance Co.* v. *J. V. Stevens etc.* (D.C. App. 1967, 234 A. 2d 305).

Absence of tangible indicia of corporate presence does not automatically mean that corporation is immune from service of process if it is, in fact, carrying on regular course of business in jurisdiction. *Id.*

§ 29-933j. Amendment to articles of incorporation of foreign corporation.

Whenever the articles of incorporation of a foreign corporation authorized to transact business in the District are amended, such foreign corporation shall forthwith file with the Commissioner a copy of such amendment duly certified by the proper officer of the State under the laws of which such