**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABLAISE LTD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv01836 |
| | ) | |
| NAVTEQ CORP. et al. | ) | Judge James Robetson |

**DEFENDANT CIRCUIT CITY STORES, INC.'S ANSWER
AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant CIRCUIT CITY STORES, INC. ("Circuit City"), by counsel, hereby submits
its answer, including its affirmative defenses and its counterclaims, to Plaintiff, Ablaise LTD's
First Amended Complaint (the "Complaint").

Answering the Complaint and the numbered paragraphs therein, Circuit City states as
follows:

**ANSWER**

**PARTIES**

1.     Circuit City is without sufficient knowledge or information to form a belief as to
the truth of the allegations in ¶ 1 of the Complaint and, therefore, denies them.

2.     Circuit City is without sufficient knowledge or information to form a belief as to
the truth of the allegations in ¶ 2 of the Complaint and, therefore, denies them.

3.     Circuit City is without sufficient knowledge or information to form a belief as to
the truth of the allegations in ¶ 3 of the Complaint and, therefore, denies them.

4.     Circuit City is without sufficient knowledge or information to form a belief as to
the truth of the allegations in ¶ 4 of the Complaint and, therefore, denies them.

5.      Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 5 of the Complaint and, therefore, denies them.

6.      Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 6 of the Complaint and, therefore, denies them.

7.      Circuit City admits the allegations of ¶ 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Circuit City admits that the action may be characterized as stated in ¶ 8 of the Complaint.

9.      Circuit City admits the allegations of ¶ 9 of the Complaint.

10.      Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 10 of the Complaint and, therefore, denies them.

11.      Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 11 of the Complaint and, therefore, denies them.

12.      Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 12 of the Complaint and, therefore, denies them.

13.      Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 13 of the Complaint and, therefore, denies them.

14.      Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 14 of the Complaint and, therefore, denies them.

15.      Circuit City admits this Court has personal jurisdiction over Circuit City, but Circuit City denies all other allegations of ¶ 15 of the Complaint.

16.      Circuit City that venue is properly laid in this District.

## COUNT I

17.      Circuit City re-alleges and reincorporates its answers to the allegations in paragraphs 1-16 and incorporates them into this paragraph as if fully set forth herein.

18.     Circuit City admits that the '737 patent (titled "Serving Signals") issued on November 1, 2005.  It is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in ¶ 18 of the Complaint and, therefore, denies them.

19-28.  Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶¶ 19-28 of the Complaint and, therefore, denies them.

## COUNT II

29.  Circuit City re-alleges and reincorporates its answers to the allegations in paragraphs 1-15, and 18, inclusive, and incorporates them into this paragraph as if fully set forth herein.

30-37.  Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶¶ 30-37 of the Complaint and, therefore, denies them.

## COUNT III

38.  Circuit City re-alleges and reincorporates its answers to the allegations in paragraphs 1-16, and 18, inclusive, and incorporates them into this paragraph as if fully set forth herein.

39-43.  Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶¶ 39-43 of the Complaint and, therefore, denies them.

## COUNT IV

44.  Circuit City re-alleges and reincorporates its answers to the allegations in paragraphs 1-16 and 18 inclusive, and incorporates them into this paragraph as if fully set forth herein.

45-52.  Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶¶ 45-52 of the Complaint and, therefore, denies them.

## COUNT V

53.  Circuit City re-alleges and reincorporates its answers to the allegations in paragraphs 1-16 and 18 inclusive, and incorporates them into this paragraph as if fully set forth herein.

54.  Circuit City admits that the '530 patent (titled "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution") issued on

September 25, 2001.  It is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in ¶ 54 of the Complaint and, therefore, denies them.

55-62.  Circuit City is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶¶ 55-62 of the Complaint and, therefore, denies them.

## COUNT VI

63.  Circuit City re-alleges and reincorporates its answers to the allegations in paragraphs 1-16 and 54 inclusive, and incorporates them into this paragraph as if fully set forth herein. Circuit City, while denying that any of plaintiff's claims are meritorious, admits the allegations of ¶ 46 of the Complaint.

64.  Circuit City denies the allegations in ¶ 64 of the Complaint.

65.  Circuit City denies the allegations in ¶ 65 of the Complaint.

66.  Circuit City admits that by a letter dated April 11, 2006 addressed to General Counsel Reginald D. Hedgebeth and executed by Thomas G. Scavone, Ablaise notified Circuit City of the existence of the '530 patent.

67.  Circuit City admits that by a letter dated April 11, 2006 addressed to General Counsel Reginald D. Hedgebeth and executed by Thomas G. Scavone, Ablaise alleged that Circuit City was infringing the '530 patent.

68.  Circuit City denies the allegations in ¶ 68 of the Complaint.

69.  Circuit City denies the allegations in ¶ 69 of the Complaint.

70.  Circuit City denies the allegations in ¶ 70 of the Complaint.

71.  Circuit City denies the allegations in ¶ 71 of the Complaint.

## PRAYER FOR RELIF

A-I.  Circuit City denies that the plaintiff is entitled to any of the relief sued for or that Circuit City is liable to the plaintiff for any reason or in any amount.

## AFFIRMATIVE DEFENSES

## CIRCUIT CITY'S FIRST AFFIRMATIVE DEFENSE

1.  Circuit City is not infringing, it has not infringed, either directly or contributorily, and it has not induced infringement of any claim of the '530 patent.

## CIRCUIT CITY'S SECOND AFFIRMATIVE DEFENSE

2.  On information and belief, the admissions and representations made by the applicant to the U.S. Patent and Trademark Office during the '530 patent, estop plaintiff from asserting a claim construction that would permit a finding of infringement by Circuit City for any claim of the '530 patent.

## CIRCUIT CITY'S THIRD AFFIRMATIVE DEFENSE

3.  On information and belief, the '530 patent is invalid and unenforceable because it fails to satisfy one or more of the necessary conditions for patentability as specified in 35 U.S.C. §§ 102, 103, 112.

## CIRCUIT CITY'S THIRD AFFIRMATIVE DEFENSE

4.  On information and belief, defendant is barred from asserting the patents against Circuit City because of laches, prosecution laches, equitable estoppel or waiver.

## CIRCUIT CITY'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1.  Circuit City is a corporation organized under the laws of Virginia with its principal place of business in Richmond, Virginia.

2.  Ablaise is a British corporation, having its principal place of business in London, United Kingdom.

3.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq. and pursuant to the statutes addressing declaratory judgments, 28 U.S.C. §§ 2201-2202.

4. This court has jurisdiction over the matter under 28 U.S.C. §§ 1331 and 1338.

5.  Venue is properly laid in this Court under 28 U.S.C. §§ 1331 and 1338.

6.  An actual case and controversy exists between Circuit City and Ablaise over whether Circuit City is infringing or has infringed the '530 patent and whether the '530 patent is valid and enforceable.

## COUNT I

7.  Circuit City realleges and incorporates by reference ¶¶ 1-6 of its Counterclaims.

8.  Circuit City has not infringed and is not infringing, either directly or contributorily, and it has not induced infringement of any claim of the '530 patent.

## COUNT II

9.  Circuit city realleges and incorporates by reference here, ¶¶ 1-8 of its Counterclaims.

10.  On information and belief, the claims of the '530 patent are invalid and unenforceable because each of them fails to satisfy one or more of the necessary conditions for patentability as specified in 35 U.S.C. §§ 102, 103, 112.

## COUNT III

11.  Circuit city realleges and incorporates by reference here, ¶¶ 1-10 of its Counterclaims.

12.  On information and belief, the '530 patent is unenforceable because of patent misuse by Ablaise which includes its efforts to improperly control and restrain the sale of products and the practicing of methods which are not within the scope of any valid claim of the '530 patent and which efforts were made by Ablaise even though Ablaise was aware that the '530 patent was either invalid or unenforceable, or when properly construed, did not cover such products or methods.

## PRAYER FOR RELIEF

WHEREFORE, Circuit City respectfully requests that this Court enter judgment declaring

(a) Circuit City is not infringing and has not infringed any claim of U.S. Patent No. 6,295,530, and;

(b) U.S. Patent No. 6,295,530 is invalid and unenforceable, and;

Further, Circuit City prays that the Court

(a) Award Ablaise nothing by way of its Complaint,

(b) Dismiss all of Ablaise's claims with prejudice

(c) Find that this is an exceptional case under 35 U.S.C. § 283 and award Circuit City reasonable attorneys fees, as well as its costs, and;

(d) Award such additional relief as the Court finds just and proper.

**CIRCUIT CITY DEMANDS TRIAL BY JURY.**

DATED:  December 20, 2007                    Respectfully submitted,


                                            _/s/ Charles M. Allen_


                                            **Counsel for Defendant
                                            CIRCUIT CITY STORES, INC.**


Charles M. Allen, Esquire (VSB No. 30183) (U.S. Dist. Ct. Bar No. (D.D.C.) MI0004)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Telephone:    (804) 346-0600
Facsimile:    (804) 346-5954