## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABLAISE LTD | ) | |
| 40 Queen Anne Street | ) | |
| London W1G 9EL, | ) | |
|     United Kingdom | ) | Civil Action No.: 1:07-CV-01836 |
| | ) | |
| | ) | Judge James Robertson |
|        Plaintiff, | ) | |
|   v. | ) | |
| | ) | |
| NAVTEQ CORP. | ) | **JURY TRIAL DEMANDED** |
| 222 Merchandise Mart, Suite 900 | ) | |
| Chicago, Illinois 60654 | ) | |
| | ) | |
| FEDEX CORP. | ) | |
| 942 S. Shady Grove Rd. | ) | |
| Memphis, Tennessee 38120 | ) | |
| | ) | |
| FEDEX CORPORATE | ) | |
| SERVICES, INC. | ) | |
| 3610 Hacks Cross Rd. | ) | |
| Memphis, Tennessee 38125 | ) | |
| | ) | |
| GENERAL MOTORS CORP. | ) | |
| 300 Renaissance Center | ) | |
| Detroit, Michigan 48265 | ) | |
| | ) | |
| ALASKA AIR GROUP, INC. | ) | |
| 19300 International Blvd. | ) | |
| Seattle, Washington 98188 | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC. | ) | |
| 9950 Maryland Dr. | ) | |
| Richmond, Virginia 23233 | ) | |
| | ) | |
|       Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

## FOR PATENT INFRINGEMENT

Comes now General Motors Corporation ("GMC"), and for its Answer to the First Amended Complaint states as follows:

## PARTIES

1.      Ablaise is a British corporation, having its principal place of business at 40 Queen Anne Street, London W1G 9EL, United Kingdom.

**RESPONSE:**

Upon information and belief, admitted.


2.      NAVTEQ is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 222 Merchandise Mart, Suite 900, Chicago, Illinois 60654.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.


3.      FedEx Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 942 S. Shady Grove Rd., Memphis, Tennessee 38120.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

4.      FedEx Services is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3610 Hacks Cross Rd., Memphis, Tennessee 38120.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

5.      GM is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.

**RESPONSE:**

Admitted.

6.      Alaska Air is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 19300 International Blvd., Seattle, Washington 98188.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

7.      Circuit City is a corporation organized and existing under the laws of the State of Virginia, having its principal place of business at 9950 Maryland Dr., Richmond, Virginia 23233.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## JURISDICTION AND VENUE

8.      This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code.

**RESPONSE:**

Defendant admits that the Complaint purports to recite an action arising under the patent laws of the United States, Title 35 of the United States Code.

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

**RESPONSE:**

Admitted.

10.     This Court has personal jurisdiction over NAVTEQ because personal jurisdiction over NAVTEQ comports with the United States Constitution, NAVTEQ actively and regularly conducts business in the District of Columbia and because NAVTEQ has and continues to infringe U.S. Patent No. 6,961,737 in this district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.


11.    This Court has personal jurisdiction over FedEx Corp. because personal jurisdiction over FedEx Corp. comports with the United States Constitution, FedEx Corp. actively and regularly conducts business in the District of Columbia and because FedEx Corp. has and continues to infringe U.S. Patent No. 6,961,737 in this district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.


12.    This Court has personal jurisdiction over FedEx Services because personal jurisdiction over FedEx comports with the United States Constitution, FedEx actively and regularly conducts business in the District of Columbia and because FedEx has and continues to infringe U.S. Patent No.6,961,737 in this district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.


13.    This Court has personal jurisdiction over GM because personal jurisdiction over GM comports with the United States Constitution, GM actively and

regularly conducts business in the District of Columbia and because GM has and continues to infringe U.S. Patent No. 6,961,737 in this district.

**RESPONSE:**

Defendant admits that it is subject to general personal jurisdiction in the District of Columbia, but denies that it has infringed or continues to infringe U.S. Patent No. 6,961,737 in this district or any other district.

14.    This Court has personal jurisdiction over Alaska Air because personal jurisdiction over Alaska Air comports with the United States Constitution, Alaska Air actively and regularly conducts business in the District of Columbia and because Alaska Air has and continues to infringe U.S. Patent No. 6,295,530 in this district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

15.    This Court has personal jurisdiction over Circuit City because personal jurisdiction over Circuit City comports with the United States Constitution, Circuit City actively and regularly conducts business in the District of Columbia and because Circuit City has and continues to infringe U.S. Patent No. 6,295,530 in this district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

16.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

**<u>RESPONSE:</u>**

Denied.

## <u>COUNT I</u>

### (NAVTEQ Infringement of U.S. Patent No. 6,961,737)

17.    Ablaise realleges each and every allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them herein by reference.

**<u>RESPONSE:</u>**

Defendant incorporates by reference its responses to Paragraphs 1 through 16.

18.    On November 1, 2005, United States Patent No. 6,961,737 ("the '737 patent") entitled "Serving Signals" issued.  (Ex. A) Ablaise owns and has standing to sue for infringement of this patent.

**<u>RESPONSE:</u>**

Defendant admits that a document purporting to be U.S. Patent No. 6,961,737 was attached to the Complaint as Exhibit A, and that, on its face, this Exhibit appears to be entitled "Serving Signals" and recites an issue date of November 1, 2005.  Defendant denies that the '737 patent was duly and legally issued by the USPTO.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations, and hence the allegations are denied.

19.     NAVTEQ has infringed one or more claims of the '737 patent by making, using, and/or operating its mapnetwork.com and related websites throughout the United States, including this judicial district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

20.     NAVTEQ has infringed one or more claims of the '737 patent by making, using, and operating its traffic.com and related websites throughout the United States, including this judicial district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

21.     NAVTEQ has engaged in activities that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '737 patent, in violation of 35 U.S.C. § 271.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

22.    In a letter dated April 10, 2006, Ablaise, through its attorney Thomas G. Scavone, notified traffic.com, through its General Counsel Brian J. Sisko, of the '737 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

23.    In a letter dated April 10, 2006, Ablaise, through Mr. Scavone, notified traffic.com, through Mr. Sisko, that traffic.com infringed the '737 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

24.    NAVTEQ has been on notice of the '737 patent and infringement of the '737 patent after it acquired traffic.com.  Ablaise, through Mr. Scavone, contacted and discussed the '737 patent and why NAVTEQ infringed the '737 patent with NAVTEQ, through NAVTEQ's outside counsel, Clark A. Jablon.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

25.    NAVTEQ has continued to engage in its infringing activities even after receiving notice of the '737 patent arid its infringement of the patent. NAVTEQ has acted with objective recklessness and has willfully infringed the '737 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

26.    NAVTEQ's infringement of the '737 patent will continue unless enjoined by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

27.    Ablaise has been damaged by NAVTEQ's infringing acts.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

28.    Ablaise will continue to be damaged unless and until NAVTEQ is restrained from its infringing acts by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## COUNT II

### (FedEx Corp. Infringement of U.S. Patent No. 6,961,731)

29.    Ablaise realleges each and every allegation set forth in Paragraphs 1 through 16, and 18, inclusive, and incorporates them herein by reference.

**RESPONSE:**

Defendant incorporates by reference its responses to Paragraphs 1 through 16, and 18.

30.    FedEx Corp. has infringed one or more claims of the '737 patent by making, using, and/or operating its FedEx.com and related websites throughout the United States, including this judicial district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

31.    FedEx Corp. has engaged in activities that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '737 patent, in violation of 35 U.S.C. § 271.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

32.    In a letter dated November 14, 2006, Ablaise, through its attorney Thomas G. Scavone, notified FedEx Corp., through its General Counsel Christine P. Richards, of the '737 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

33.    In a letter dated November 14, 2006, Ablaise, through Mr. Scavone, notified FedEx Corp., through Ms. Richards, that FedEx infringed the '737 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

34.    FedEx Corp. has continued to engage in its infringing activities even after receiving notice of the '737 patent and its infringement of the patent. FedEx Corp. has acted with objective recklessness and has willfully infringed the '737 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

35.    FedEx Corp. infringement of the '737 patent will continue unless enjoined by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

36.    Ablaise has been damaged by FedEx Corp.'s infringing acts.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

37.    Ablaise will continue to be damaged unless and until FedEx Corp. is restrained from its infringing acts by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## COUNT III

**(FedEx Services Infringement of U.S. Patent No 6,961,137)**

38.    Ablaise realleges each and every allegation set forth in Paragraphs 1 through 16, and 18.

**RESPONSE:**

Defendant incorporates by reference its responses to Paragraphs 1 through 16, and 18.

39.    FedEx Services has infringed one or more claims of the '737 patent by making, using, and/or operating its FedEx.com and related websites throughout the United States, including this judicial district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

40.    FedEx Services has engaged in activities that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '737 patent, in violation of 35 U.S.C. § 271.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

41.    FedEx Services' infringement of the '737 patent will continue unless enjoined by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

42.    Ablaise has been damaged by FedEx Services' infringing acts.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

43.    Ablaise will continue to be damaged unless and until FedEx Services is restrained from its infringing acts by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## COUNT IV

### (GM Infringement of U.S. Patent No. 6,961,737)

44.    Ablaise realleges each and every allegation set forth in Paragraphs 1 through 16, and 18, inclusive, and incorporates them herein by reference.

**RESPONSE:**

Defendant incorporates by reference its responses to Paragraphs 1 through 16, and 18.

45.    GM has infringed one or more claims of the '737 patent by making, using, and/or operating its mygmlink.com and related websites throughout the United States, including this judicial district.

**RESPONSE:**

Denied.

46.    GM has engaged in activities that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '737 patent, in violation of 35 U.S.C. § 271.

**RESPONSE:**

Denied.

47.    In a letter dated November 14, 2006, Ablaise, through its attorney Thomas G. Scavone, notified GM, through its General Counsel Thomas A. Gottschalk, of the '737 patent.

**RESPONSE:**

Admitted.

48.    In a letter dated November 14, 2006, Ablaise, through Mr. Scavone, notified GM, through Mr. Gottschalk, that GM infringed the '737 patent.

**RESPONSE:**

Defendant admits that the letter asserted that GMC infringed the '737 patent; however, GMC denies infringing the '737 patent.

49.    GM has continued to engage in its infringing activities even after receiving notice of the '737 patent and its infringement of the patent. GM has acted with objective recklessness and has willfully infringed the '737 patent.

**RESPONSE:**

Denied.

50.    GM's infringement of the '737 patent will continue unless enjoined by this Court.

**RESPONSE:**

Denied.

51.    Ablaise has been damaged by the GM's infringing acts.

**RESPONSE:**

Denied.

52.    Ablaise will continue to be damaged unless and until GM is restrained from its infringing acts by this Court.

**RESPONSE:**

Denied.

## COUNT V

**(Alaska Air Infringement of U.S. Patent No. 6,295,530)**

53.    Ablaise realleges each and every allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them herein by reference.

**RESPONSE:**

Defendant incorporates by reference its responses to Paragraphs 1 through 16.

54.    On September 25, 2001, United States Patent No. 6,295,530 ("the '530 patent") entitled "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution" issued. (Ex. B) Ablaise owns and has standing to sue for infringement of this patent.

**RESPONSE:**

Defendant admits that a document purporting to be U.S. Patent No. 6,295,530 was attached to the Complaint as Exhibit B, and that, on its face, this Exhibit appears to be entitled "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution" and recites an issue date of September 25, 2001. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations, and hence the allegations are denied.

55.    Alaska Air has infringed one or more claims of the '530 patent by making, using, and/or operating its alaskaair.com and related websites throughout the United States, including this judicial district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

56.    Alaska Air has engaged in activities that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '530 patent, in violation of 35 U.S.C. § 271.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

57.    In a letter dated November 14, 2006, Ablaise, through its attorney Thomas G. Scavone, notified Alaska Air, through its General Counsel Keith Loveless, of the '530 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

58.    In a letter dated November 14, 2006, Ablaise, through Mr. Scavone, notified Alaska Air, through Mr. Loveless, that Alaska Air infringed the '530 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

59.    Alaska Air has continued to engage in its infringing activities even after receiving notice of the '530 patent and its infringement of the patent. Alaska Air has acted with objective recklessness and has willfully infringed the '530 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

60.    Alaska Air's infringement of the '530 patent will continue unless enjoined by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

61.    Ablaise has been damaged by the Alaska Air's infringing acts.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

62.    Ablaise will continue to be damaged unless and until Alaska Air is restrained from its infringing acts by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## COUNT VI

### (Circuit City Infringement of U.S. Patent No. 6,295,530)

63.    Ablaise realleges each and every allegation set forth in Paragraphs 1 through 16, and 54, inclusive, and incorporates them herein by reference.

**RESPONSE:**

Defendant incorporates by reference its responses to Paragraphs 1 through 16, and 54.

64.    Circuit City has infringed one or more claims of the '530 patent by making, using, and/or operating its CircuitCity.com and related websites throughout the United States, including this judicial district.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

65.    Circuit City has engaged in activities that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '530 patent, in violation of 35 U.S.C. § 271.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

66.    In a letter dated April 11, 2006, Ablaise, through its attorney Thomas G. Scavone, notified Circuit City, through its General Counsel Reginald D. Hedgebeth, of the '530 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

67.    In a letter dated April 11, 2006, Ablaise, through Mr. Scavone, notified Circuit City, through Mr. Hedgebeth, that Circuit City infringed the '530 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

68.    Circuit City has continued to engage in its infringing activities even after receiving notice of the '530 patent and its infringement of the patent. Circuit City has acted with objective recklessness and has willfully infringed the '530 patent.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

69.    Circuit City's infringement of the '530 patent will continue unless enjoined by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

70.    Ablaise has been damaged by Circuit City's infringing acts.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

71.    Ablaise will continue to be damaged unless and until Circuit City is restrained from its infringing acts by this Court.

**RESPONSE:**

Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## AFFIRMATIVE DEFENSES

In further answering the First Amended Complaint, Defendant pleads the following affirmative defenses:

1.    The First Amended Complaint fails to state a claim or claims upon which relief can be granted.

2.    Venue is improper in this Court for some or all of the claims stated.

3.    This Defendant has not willfully or otherwise infringed, actively induced infringement of, or contributed to the infringement of any patent rights held by Plaintiff.

4.    One or more claims of the patent in suit are invalid for failure to comply with one or more of the provisions of sections 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103 and 112.

5.    The patent in suit is unenforceable as a result of Plaintiff's actions with regard to the prosecution of the patent application before the U.S. Patent and Trademark Office.

6.    Plaintiff's conduct constitutes a misuse of its patent in suit, thereby rendering that patent unenforceable.

7.    Through discovery and otherwise, Defendant intends to develop evidence that some or all of Plaintiff's claims are barred by the statute of limitations and/or the doctrines of unclean hands, estoppel, prosecution history estoppel, laches, and acquiescence.

8.    Plaintiff's claim for patent infringement damages, if any, against Defendant is statutorily limited by 35 U.S.C. § 286 and/or § 287.

9.    Defendant reserves the right to raise and assert any other and further defenses as may appear appropriate in the further course of this litigation.


WHEREFORE, General Motors Corporation prays for judgment as follows:

a)    Dismissal of Plaintiff's claims with prejudice and denial of all relief sought in the First Amended Complaint;

b)    A declaration that U.S. Patent No. 6,961,737 is invalid and/or unenforceable;

b)    An award to General Motors Corporation of its costs, attorneys' fees and expense incurred in this action; and

c)    Such other necessary or proper relief as the Court deems just and appropriate.

Dated:  December 31, 2007                    Respectfully submitted,


                                             _____/s/_____
                                             Phillip C. Zane, DC Bar No. 452939
                                             BAKER, DONELSON, BEARMAN,
                                                 CALDWELL & BERKOWITZ, PC
                                             555 Eleventh St., NW
                                             6th Floor
                                             Washington, D.C.  20004
                                             Phone:  (202) 508-3490
                                             Fax:  (202) 220-2290
                                             pzane@bakerdonelson.com

                                             Of Counsel:

                                             W. Edward Ramage, TN BPR No. 016261
                                             BAKER, DONELSON, BEARMAN,
                                                 CALDWELL & BERKOWITZ, PC
                                             Commerce Center, Suite 1000
                                             211 Commerce Street
                                             Nashville, Tennessee 37201
                                             Phone:  (615) 726-5771
                                             Fax:  (615) 744-5771
                                             eramage@bakerdonelson.com

                                             *Attorneys for General Motors Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via email, First Class Mail (postage prepaid) or the electronic filing system of the United States District Court for the District of Columbia to the following:

Jeffrey J. Downey
1225 I Street NW, Suite 600
Washington, DC 20005

Eric S. Jackson
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 La Salle Avenue
Minneapolis, MN 55402-2015

Linda J. Thayer
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203

Kenneth W. Curtis
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Suite 800
Reston, VA 20190-5675
(571) 203-2700

Charles M. Allen
GOODMAN, ALLEN, & FILETTI PLLC
4501 Highwoods Parkway
Suite 210
Glen Allen, VA 23060-6153

this 31st day of December, 2007.

_____/s/_____
Phillip C. Zane, DC Bar No. 452939