**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ABLAISE, LTD., ) | |
| ) | Civil Action No.: 1:07-CV-01836 |
| Plaintiff, ) | |
| ) | Judge James Robertson |
| v. ) | |
| ) | **ANSWER AND COUNTERCLAIMS** |
| NAVTEQ CORP., FEDEX CORP., FEDEX ) | **OF FEDEX CORPORATION AND** |
| CORPORATE SERVICES, INC., GENERAL ) | **FEDEX CORPORATE SERVICES TO** |
| MOTORS CORP., ALASKA AIR GROUP, ) | **ABLAISE'S FIRST AMENDED** |
| INC., AND CIRCUIT CITY STORES, INC. ) | **COMPLAINT** |
| ) | |
| Defendants. ) | |

Defendants FEDEX CORPORATION and FEDEX CORPORATE SERVICES (together "FedEx Companies") hereby submit their answer, including their affirmative defenses and counterclaims, to Plaintiff Ablaise, Ltd.'s First Amended Complaint (the "Complaint"). In response, the FedEx Companies state as follows:

**PARTIES**

1.   The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 1 of the Complaint and therefore deny them.

2.   The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 2 of the Complaint and therefore deny them.

3.   The FedEx Companies admit the allegations in ¶ 3 of the Complaint.

4.   The FedEx Companies admit that FedEx Services is a Delaware Corporation having a place of business at 3610 Hacks Cross Rd., Memphis, TN, but point out that the zip code at that address is 38125.  The FedEx Companies also deny all other allegations in ¶ 4 of the Complaint.

5. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 5 of the Complaint and therefore deny them.

6. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 6 of the Complaint and therefore deny them.

7. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 7 of the Complaint and therefore deny them.

## JURISDICTION AND VENUE

8. The FedEx Companies admit that the action may be characterized as stated in ¶ 8 of the Complaint.

9. The FedEx Companies admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 10 of the Complaint and therefore deny them.

11. The FedEx Companies deny the allegations in ¶ 11 of the Complaint.

12. The FedEx Companies deny the allegations in ¶ 12 of the Complaint.

13. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 13 of the Complaint and therefore deny them.

14. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 14 of the Complaint and therefore deny them.

15. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 15 of the Complaint and therefore deny them.

16. The FedEx Companies deny the allegations in ¶ 16 of the Complaint.

## COUNT I
### (NAVTEQ Infringement of U.S. Patent No. 6,961,737)

17. The FedEx Companies re-allege and re-incorporate their answers to paragraphs 1-16 and incorporate them herein by reference.

18. The FedEx Companies admit that U.S. Patent No. 6,961,737 ("the '737 patent") is titled "Serving Signals" and issued on November 1, 2005. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in ¶ 18 of the Complaint and therefore deny them.

19. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 19 of the Complaint and therefore deny them.

20. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 20 of the Complaint and therefore deny them.

21. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 21 of the Complaint and therefore deny them.

22. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 22 of the Complaint and therefore deny them.

23. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 23 of the Complaint and therefore deny them.

24. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 24 of the Complaint and therefore deny them.

25. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 25 of the Complaint and therefore deny them.

26. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 26 of the Complaint and therefore deny them.

27. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 27 of the Complaint and therefore deny them.

28. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 28 of the Complaint and therefore deny them.

## COUNT II
### (FedEx Corporation Infringement of U.S. Patent No. 6,961,737)

29. The FedEx Companies re-allege and re-incorporate their answers to paragraphs 1-28 and incorporate them herein by reference.

30. The FedEx Companies deny the allegations in ¶ 30 of the Complaint.

31. The FedEx Companies deny the allegations in ¶ 31 of the Complaint.

32. The FedEx Companies admit that a letter from Mr. Scavone dated November 14, 2006, addressed to Ms. Christine Richards, was received by FedEx Corporation. The FedEx Companies deny all other allegations in ¶ 32 of the Complaint.

33. The FedEx Companies admit that a letter from Mr. Scavone dated November 14, 2006, addressed to Ms. Christine Richards, was received by FedEx Corporation. The FedEx Companies deny all other allegations in ¶ 33 of the Complaint.

34. The FedEx Companies deny the allegations in ¶ 34 of the Complaint.

35. The FedEx Companies deny the allegations in ¶ 35 of the Complaint.

36. The FedEx Companies deny the allegations in ¶ 36 of the Complaint.

37. The FedEx Companies deny the allegations in ¶ 37 of the Complaint.

## COUNT III
### (FedEx Corporate Services Infringement of U.S. Patent No. 6,961,737)

38. The FedEx Companies re-allege and re-incorporate their answers to paragraphs 1-37 and incorporate them herein by reference.

39. The FedEx Companies deny the allegations in ¶ 39 of the Complaint.

40. The FedEx Companies deny the allegations in ¶ 40 of the Complaint.

41. The FedEx Companies deny the allegations in ¶ 41 of the Complaint.

42. The FedEx Companies deny the allegations in ¶ 42 of the Complaint.

43. The FedEx Companies deny the allegations in ¶ 43 of the Complaint.

## COUNT IV
### (GM Infringement of U.S. Patent No. 6,961,737)

44. The FedEx Companies re-allege and re-incorporate their answers to paragraphs 1-43 and incorporate them herein by reference.

45. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 45 of the Complaint and therefore deny them.

46. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 46 of the Complaint and therefore deny them.

47. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 47 of the Complaint and therefore deny them.

48. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 48 of the Complaint and therefore deny them.

49. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 49 of the Complaint and therefore deny them.

50. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 50 of the Complaint and therefore deny them.

51. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 51 of the Complaint and therefore deny them.

52. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 52 of the Complaint and therefore deny them.

## COUNT V
### (Alaska Airlines Infringement of U.S. Patent No. 6,295,530)

53. The FedEx Companies re-allege and re-incorporate their answers to paragraphs 1-52 and incorporate them herein by reference.

54. The FedEx Companies admit that U.S. Patent No. 6,295,530 ("the '530 patent") is titled "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution" and issued on September 25, 2001. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in ¶ 54 of the Complaint and therefore deny them.

55. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 55 of the Complaint and therefore deny them.

56. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 56 of the Complaint and therefore deny them.

57. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 57 of the Complaint and therefore deny them.

58. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 58 of the Complaint and therefore deny them.

59. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 59 of the Complaint and therefore deny them.

60. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 60 of the Complaint and therefore deny them.

61. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 61 of the Complaint and therefore deny them.

62. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 62 of the Complaint and therefore deny them.

## COUNT VI
### (Circuit City Infringement of U.S. Patent No. 6,295,530)

63. The FedEx Companies re-allege and re-incorporate their answers to paragraphs 1-62 and incorporate them herein by reference.

64. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 64 of the Complaint and therefore deny them.

65. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 65 of the Complaint and therefore deny them.

66. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 66 of the Complaint and therefore deny them.

67. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 67 of the Complaint and therefore deny them.

68. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 68 of the Complaint and therefore deny them.

69. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 69 of the Complaint and therefore deny them.

70. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 70 of the Complaint and therefore deny them.

71. The FedEx Companies are without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 71 of the Complaint and therefore deny them.

**PLAINTIFF'S PRAYER FOR RELIEF**

The FedEx Companies deny the allegations of Ablaise's Prayer for Relief against FedEx Corporation and FedEx Corporate Services and deny that Ablaise is entitled to any relief whatsoever with respect to the FedEx Companies. The FedEx Companies lack sufficient knowledge or belief to admit or deny the allegations of Ablaise's Prayer for Relief that relate to other defendants, and, therefore, deny those allegations.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

The FedEx Companies acknowledge that Ablaise has demanded a jury trial.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The FedEx Companies do not and have not infringed (either directly, contributorily, or by inducement) any claim of the '737 patent.

**SECOND AFFIRMATIVE DEFENSE**

One or more asserted claims of the '737 patent are invalid because they fail to comply with the requirements 35 U.S.C. § 101 *et seq.*, including, without limitation, **§§** 102, 103, 112 and/or 116.

**THIRD AFFIRMATIVE DEFENSE**

Ablaise's claims are barred, in whole or in part, by the equitable doctrines of laches, prosecution laches, unclean hands, estoppel and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Ablaise's claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent application resulting in the '737 patent and its parent, the '530 patent.

**FIFTH AFFIRMATIVE DEFENSE**

Ablaise's claim for injunctive relief is barred because there exists an adequate remedy at law and Ablaise's claims otherwise fail to meet the requirements for such relief.

**SIXTH AFFIRMATIVE DEFENSE**

On information and belief, Ablaise is estopped from asserting any interpretation of any of the claims of the '737 patent that would be broad enough to cover "FedEx.com and related websites," by reasons of statements and representations made by the inventors to the United States Patent and Trademark Office during the prosecution of applications for issuance of the '737 patent, or by reasons of prior acts.

**SEVENTH AFFIRMATIVE DEFENSE**

On information and belief, as to some or all of the alleged infringing services, Ablaise's claims for relief are barred by express and/or implied license.

**EIGHTH AFFIRMATIVE DEFENSE**

On information and belief, Ablaise has not complied with the requirements of 35 U.S.C. § 287 and is precluded from seeking any recovery for alleged damages prior to the filing of this action.

**COUNTERCLAIMS FOR DECLARATORY RELIEF**

The FedEx Companies assert the following counterclaims for declaratory relief against Ablaise:

## **PARTIES**

1. FedEx Corporate Services, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

2. FedEx Corporation is a corporation organized under the laws of the State of Delaware and has a principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

3. Defendant Ablaise, Ltd. is, on information and belief, a British corporation with its principal place of business at 40 Queen Anne Street, London, W1G9EL, United Kingdom.

4. On information and belief, General Inventions Institute A, Inc. ("GIIA"), a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands, has or had an ownership interest in the '737 patent.

5. In Complaints filed in other jurisdictions, Ablaise Ltd and GIIA have stated that they collectively own the '737 patent.

6. In other lawsuits involving the '737 patent, GIIA was a necessary party to the action.

7. This action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202, the statutes addressing declaratory judgments.

8. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(d).

10. An actual case and controversy exists between the FedEx Companies and Ablaise over whether the FedEx Companies are infringing or have infringed the '737 patent and whether the '737 patent is valid and enforceable.

## COUNT I

### Declaratory Judgments of Non-Infringement of the '737 Patent

11. The FedEx Companies restate and re-allege the allegations set forth in paragraphs 1 through 10 and incorporate them by reference.

12. The FedEx Companies do not infringe any valid claim of the '737 patent.

## COUNT II

### Declaratory Judgments of Invalidity of the '737 Patent

13. The FedEx Companies restate and re-allege the allegations set forth in paragraphs 1 through 12 and incorporate them by reference.

14. On information and belief, the '737 patent is invalid under one or more sections of the United States Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT III

### Declaratory Judgment of Unenforceability of the '737 Patent

15. The FedEx Companies restate and re-allege the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

16. Ablaise and/or the named inventors unreasonably and inexcusably delayed prosecution of several claims, including at least claim 1 of the '737 patent. Numerous claims, including claim 1 of the '737 patent, were presented to the United States Patent and Trademark Office years after the filing of the original application from which the '737 patent claims priority,

including many claims presented as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S. Patent Application No. 08/647,769. On information and belief, Ablaise and/or named inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to wrongly acquire for themselves the publicly-known developments of others – developments that were made without any knowledge or reliance on the alleged invention disclosed in U.S. Patent Application No. 08/647,769.

17.    The claims of the '737 patent are unenforceable pursuant to the doctrine of prosecution laches. The unreasonable and inexcusable delay of nine years in seeking and obtaining the claims of the '737 patent has caused harm to the FedEx Companies. This delay constitutes laches and renders the claims of the '737 patent unenforceable.

**PRAYER FOR RELIEF**

Wherefore, the FedEx Companies pray that this Court:

A.    Dismiss all of Ablaise's claims with prejudice;

B.    Declare that the FedEx Companies have not infringed any valid and enforceable claim of the '737 patent;

C.    Declare the '737 patent is invalid;

D.    Declare the '737 patent is unenforceable;

E.    Award Ablaise nothing by way of its Complaint;

F.    Declare this case exceptional under 35 U.S.C. § 285 and award the FedEx Companies their costs, disbursements, and attorney fees in connection with this action under 35 U.S.C. § 285, and any other authority deemed appropriate by the Court; and

G.    Award the FedEx Companies any other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The FedEx Companies hereby demand a jury trial as to all issues triable by jury.

Dated: April 11, 2008						Respectfully submitted,

/s/Linda J. Thayer
Jeffrey A. Berkowitz (DC Bar #447,089)
Linda J. Thayer (DC Bar #464,498)
  (*Admitted Pro hoc Vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, DC  20001-4413
Tel:  (202) 408-4000
Fax:  (202) 408-4400

Attorneys for Defendants
FEDEX CORPORATE SERVICES and FEDEX CORPORATION