**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ABLAISE LTD, ) | |
| ) | Civil Action No.: 1:07-CV-01836 |
| ) | |
| ) | Judge James Robertson |
| Plaintiff ) | |
| v. ) | |
| ) | |
| NAVTEQ CORP. et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**JOINT REPORT OF THE PARTIES PURSUANT TO FED. R. CIV. P 26(f) AND LCvR 16.3 AND PROPOSED SCHEDULING ORDER**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3 of the Rules of the United States District Court for the District of Columbia, counsel for the above-captioned parties conferred by telephone on April 4, April 8, and April 15, 2008. The parties respectfully submit the following report outlining their positions on the issues set forth in the above-cited rules and Proposed Scheduling Order.

**1.    Dispositive Motions**

Ablaise Ltd. (hereinafter "Ablaise" or "Plaintiff"), does not believe the case is likely to be disposed of by dispositive motions. Fed Ex Corp., Fed Ex. Corp. Services, General Motors, and Circuit City Stores Inc. (hereinafter "Defendants") believe the case may be resolved by dispositive motions and expect to file them.

**2.    Deadline for Joining Parties or Amending Pleadings**

The parties agree that the deadline for seeking leave to join parties or amend pleadings shall be May 30, 2008.

**3.    Assignment to Magistrate**

At this time, the parties decline to have this case referred to a magistrate judge for trial.

**4.    Possibility of Settlement**

Some parties have engaged in settlement discussions since the Complaint was filed. The parties believe that the potential for settlement may improve as discovery progresses.

     **5.**     **Alternative Dispute Resolution**

The parties believe that this case might benefit from reference to a magistrate judge for mediation.

     **6.**     **Schedule for Dispositive Motions**

The parties agree upon the following schedule for filing dispositive motions:

    a.    Dispositive motions: on or before June 1, 2009
    b.    Opposition to the motion: when due under rules but not later than July 1, 2009
    c.    Replies in support of motions: when due under the rules but not later than July 27, 2009
    d.    Date for Resolution of motions: At such time as the court may choose.

     **7.**     **Initial Disclosures**

The parties agree to make initial disclosures as required by Fed. R. Civ. P. 26(a)( l).

The parties agree to include a description by category of electronically stored information, including the source of the electronically stored information, that the party maintains along with identification of any portions of the electronically stored information that the party contends is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Counsel for the parties agree to confer in good faith in an attempt to reach agreement on the scope and limits of discovery of electronically stored information based on the disclosure.

     **8.**     **Discovery**

          a.    Extent of Discovery

The parties agree that the case should involve the normal exchange of Interrogatories, Requests for the Production of Documents, Requests for Admissions and depositions. Ablaise agrees that Defendants may use discovery taken in the Dow Jones litigation as if taken in this action, provided Defendants do not propound any duplicative discovery and agree not to take any duplicative depositions. Ablaise has not yet provided the Defendants with any of the discovery materials from the Dow Jones case and, Defendants, therefore, cannot agree to Ablaise's proposal at this time.

          b.    How Long Discovery Should Take

The parties propose the following Discovery schedule:

    i.    Close of Fact Discovery: February 2, 2009
    ii.    Defendants shall disclose any opinions of counsel on which they intend to rely no later than November 2, 2008

      iii.      Expert Report on Party bearing burden of proof: March 2, 2009
      iv.      Rebuttal Expert Reports: April 1, 2009
      v.      Close of Expert Discovery: May 1, 2009

      c.      Limits on Discovery

The parties agree that the Defendants will coordinate discovery so as not to duplicate each other's requests and instead to take common discovery wherever their requests overlap. The parties further agree to waive the limit under the Federal Rules of Civil Procedure of 10 depositions in favor of an aggregate fact deposition limitation of 100 hours per party versus any other party, not including third-party discovery. Other than the foregoing, the parties do not currently see any need for any limitations on discovery different from or in addition to the limitations set forth in the Federal Rules of Civil Procedure and the Rules of this Court.

      d.      Protective Order

The parties agree that a protective order should be entered to protect trade secret and other confidential business information. The parties shall negotiate the terms of such an order and will submit it to the court as soon as practicable for the Court's review and entry.

**9.    Expert Witness Reports and Depositions**

The parties do not propose to alter the requirements for exchange of expert reports or other information pursuant to Fed. R. Civ. P. 26(a)(2). The parties agree that the depositions of experts should occur prior to the close of expert discovery. Drafts of expert reports will not be discoverable.

**10.    Class Action**

Not applicable to this case.

**11.    Bifurcation of Trial and/or Discovery**

The parties do not propose to bifurcate discovery or trial.

**12.    Pretrial Conference**

The parties propose that a pretrial conference be held within 90 days following the close of all discovery or 30 days after rulings on dispositive motions, whichever is later.

**13.    Trial Date**

The parties propose that a trial date on or around November, 2009 be set at the pretrial conference, with the understanding that the trial date will likely be 30-60 days after that conference.

**14.    Other Matters – Infringement Contentions and Claim Construction**

The parties acknowledge that there is claim construction issued by the Court in the Dow Jones litigation. The parties agree that Defendants shall have the opportunity to propose additional terms for construction or alternative constructions of the same terms, if any, according to the following timeline:

i. Plaintiff shall serve its preliminary infringement contentions on or before June 15, 2008, subject to amendment during discovery, but Plaintiff will not amend its contentions later than December 15, 2008 absent a showing of good cause;
ii. Defendants shall propose terms for construction, if any, by July 11, 2008;
iii. The parties shall submit to the Court an agreed-upon list of terms to be construed by July 18, 2008;
iv. Defendant's Prior Art Disclosure:
   a. Plaintiff proposes: Defendants shall disclose prior art they intend to rely on no later than August 1, 2008, subject to supplemental disclosure within 30 days of Plaintiff amending its infringement contentions or with good cause,
   b. Defendants propose: Defendants shall disclose prior art they intend to rely on no later than August 1, 2008, subject to amendment during discovery and supplementation no later than 30 days after Plaintiff's amending its infringement contentions or with good cause;
v. Defendants' opening claim construction briefs shall be due August 29, 2008;
vi. Plaintiff's responsive claim construction briefs shall be due September 26, 2008;
vii. Defendants' reply claim construction briefs shall be due October 10, 2008.


s/ Jeffrey A. Berkowitz
COUNSEL FOR FED EX. CORP. & FED EX. CORP. SERVICES
Linda J. Thayer
Jeffrey A. Berkowitz
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304-1203



s/ Phillip C. Zane
COUNSEL FOR GENERAL MOTORS
Phillip C. Zane
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Lincoln Square, 6th Floor
555 Eleventh Street NW
Washington, D.C. 20004

s/ Charles M. Allen
COUNSEL FOR CIRCUIT CITY STORES, INC.
Charles M. Allen
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060


s/ Patrick M. Arenz
COUNSEL FOR ABLAISE LTD.
Ronald J. Schutz
Jake H. Holdreith
Diane L. Simerson
Patrick M. Arenz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing Local Rule 16(3) Scheduling Report was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following on this 15th day of April, 2008, unless otherwise noted:

    Linda J. Thayer
    Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
    Stanford Research Park
    3300 Hillview Avenue
    Palo Alto, CA 94304-1203
    *Counsel for Defendant FedEx*

    Charles M. Allen
    Goodman Allen & Filetti, PLLC
    Suite 210
    4501 Highwoods Parkway
    Glen Allen, VA 23060
    *Counsel for Defendant Circuit City*

    Phillip C. Zane
    Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
    Lincoln Square, Sixth Floor
    555 Eleventh Street NW
    Washington, DC 20007
    *Counsel for Defendant General Motors*

    /s Patrick M. Arenz
    Patrick M. Arenz
    pmarenz@rkmc.com
    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    2800 LaSalle Plaza
    800 LaSalle Avenue
    Minneapolis, MN 55402
    Ph: (612) 349-8500
    Fx: (612) 339-4181
    *Counsel for Plaintiffs*